## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAN T. KLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-CV-244 (SLR) |
| | ) | |
| SOUTHERN CHRISTIAN UNIVERSITY, | ) | |
| BOARD OF DIRECTORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

### BRIEF IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS

STRADLEY RONON STEVENS & YOUNG, LLP
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

October 20, 2006

Attorneys for Defendants,
Southern Christian University,
Board of Directors, et al.

# 551161 v. 2

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ...............................................................................................1

STATEMENT OF FACTS ...................................................................................2

    A.    The Complaint ...................................................................................2

    B.    Relevant Information about Southern Christian University ...............................3

    C.    The Southern Christian Website Is Informational .............................................5

ARGUMENT .......................................................................................................5

I.    THE CLAIMS AGAINST SOUTHERN CHRISTIAN SHOULD BE
    DISMISSED  FOR LACK OF PERSONAL JURISDICTION .....................................5

    A.    Relevant Legal Standards ..................................................................5

    B.    Personal Jurisdiction Over Southern Christian Is Absent ...................................8

        1.    Delaware's Long-Arm Statute Does Not Confer
            Personal Jurisdiction Over Southern Christian .......................................8

        2.    Due Process Compels a Finding of No Personal Jurisdiction..............11

CONCLUSION.....................................................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102 (1987)...................................... 12

*Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. Ct. 1997) .................................................. 7

*Burger King Corp. v. Radzewicz*, 417 U.S. 462 (1985)................................................................ 7

*Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) ........................................ 6

*Hanson v. Denckla*, 357 U.S. 235 (1958) .................................................................................... 6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .............................................. 6, 11, 12

*Merck v. Barr*, 179 F. Supp. 2d 368 (D. Del. 2002) ............................................................... 7, 11

*Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 WL 1192641,
    (D. Del. May 24, 2004)......................................................................... 6, 7, 8, 9, 11, 12

*Provident National Bank v. California Federal Savings & Loan Assoc.*, 819
    F.2d 434 (3d Cir. 1987)............................................................................................... 12

*Siemens Akieingesellschaft v. LG Semicon Co., Ltd.*, 69 F. Supp. 2d 622
    (D. Del. 1999) ........................................................................................... 6, 7, 9, 11, 12

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)............................................. 7, 8

*Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294 (D. Del. 2002)........................ 6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)................................................ 6

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)) .............................. 7

## Statutes

10 Del. C. § 3104(c)(1)........................................................................................................ 6, 8

10 Del. C. § 3104(c)(4)........................................................................................................... 8

Fed. R. Civ. P. 4(k)(l)(A) ......................................................................................................... 6

Fed. R. Civ. P. 12(b)(2)............................................................................................................ 5

# 551161 v.2

## INTRODUCTION

Plaintiff Joan T. Kloth ("Kloth") has sued Defendants Southern Christian University[1], and its Board of Directors (collectively referred to herein as "Southern Christian") alleging breach of an implied contract (to provide a "complete education") and alleging religious discrimination. Plaintiff does not provide in her complaint any basis for this Court to exercise personal jurisdiction in this District over plaintiff and defendants. Instead, as alleged in the complaint, plaintiff is an individual who allegedly has been since 2000, and continues today, to be a citizen and resident of the State of Connecticut. Plaintiff also appears to allege that she possibly is a resident of Delaware since February 2005. Defendant Southern Christian is a higher education university with a main campus in Montgomery, Alabama. Southern Christian is organized under the laws of the State of Alabama. The defendant Board of Regents are also citizens of the States of Alabama, Georgia, Tennessee and Louisiana.

Substantively, and as alleged by plaintiff (but which defendants vigorously deny), most, if not all of the acts complained of relating to a breach of contract or religious discrimination *all occurred* in Alabama or in Connecticut.[2] Therefore, any alleged acts by defendants transpired outside of Delaware.

Moreover, Southern Christian has no substantial contacts with the State of Delaware, has no physical presence in Delaware, has no employees or representatives in Delaware, does not target advertising or recruitment to Delaware citizens, and has no bank accounts or other financial interests in Delaware. There is simply no evidence that Southern

---

[1] Southern Christian University has recently been renamed as Regions University. However, for purposes of this brief, defendants will collectively be referred to herein as "Southern Christian."

[2] Southern Christian notes that if this action were to proceed, more appropriate forums for this action would be either the State of Alabama, or plaintiff's state of citizenship, Connecticut, where plaintiff resided during the majority of relevant time alleged by plaintiff.

Christian has availed itself of the business, education service opportunity, or the laws of Delaware. Accordingly, the evidence shows that there is no basis for finding specific or general jurisdiction against Southern Christian. As such, this forum lacks personal jurisdiction over defendants Southern Christian.

## STATEMENT OF FACTS

### A.    The Complaint

Plaintiff filed her complaint[3] on April 12, 2006, alleging breach of implied contract for failure to provide a complete education and religious discrimination against plaintiff by Southern Christian. Service of the complaint did not occur until July 2006.[4]

Plaintiff alleges that she resides in Newark, Delaware. She does not provide any allegations regarding her citizenship, although she does state throughout the complaint that "her state," presumably of citizenship, is Connecticut. *See* ¶ 1 (noting "Plaintiff's state of CT"; ¶ 6 (noting "Plaintiff contacted her state, Connecticut"; ¶ 68 (noting that as of September 2005, after her apparent move to Delaware in February 2005, Connecticut is "where the Plaintiff is located"). Plaintiff also does not provide substantive support for venue being in this District, other than the inconsistent allegation that she apparently moved to Delaware (in February 2005) three years after starting at Southern Christian University in January 2002.

The full extent of plaintiff's contacts with Delaware are that plaintiff alleges that she took two courses with Southern Christian after she moved to Delaware. See ¶ 51. Plaintiff

---

[3] Defendants are treating Plaintiff's pleading as a complaint, despite the fact that Plaintiff's pleading is captioned as "Application for Breach of Implied Contract and Religious Discrimination."

[4] Defendants note that on October 19, 2006, plaintiff served a pleading upon defendants captioned as "Motion to Amend Complaint." This pleading causes a substantive modification to the plaintiff's original complaint. However, plaintiff's motion does not yet appear to have been filed with the Court. The defendants will timely respond to this motion after it is filed with the Court.

also acknowledges that she took 17 or more classes with Southern Christian while she resided, full time, in Connecticut and prior to her alleged move to Delaware. *See* Exh. I ("[I] live part-time in Delaware") and Exh. L to the Complaint.

With respect to Southern Christian, plaintiff provides no specific allegations of any contacts by Southern Christian with Delaware, or any conduct or activities by Southern Christian with Delaware citizens or Delaware agencies or departments. Other than the allegation that plaintiff took two courses with Southern Christian University while residing in Delaware, and her corresponding with Southern Christian University in 2005 regarding her grievances and appeal process, the complaint is lacking in allegations showing any personal jurisdictional basis for defendants to be before this Court. Of importance in this regard is the fact that Southern Christian had no information that plaintiff was in Delaware any time prior to the filing and service of plaintiff's complaint. *See* Exh. A, White Aff. at 2.

**B.    Relevant Information about Southern Christian University**

Southern Christian University, now Regions University ("SCU"), is a higher education university having a campus in Montgomery, Alabama. White Aff. at 1. SCU is also authorized to offer classes at a facility in Nashville, Tennessee. White Aff. at 1; *See* Exh. B, Turner Aff. at 1. SCU does not now have, and never has had a campus, instructional center, site, recruitment center, office facility, or other physical location or presence in Delaware. White Aff. at 1; Turner Aff. at 1. Southern Christian does not hold any real or personal property in Delaware. White Aff. at 1; Turner Aff. at 1. Southern Christian does not have a telephone number in Delaware. Southern Christian has never intentionally targeted any promotions or recruiting efforts specifically towards Delaware citizens. White Aff. at 1-2; Turner Aff. at 1.

Further, SCU has not sought to be licensed in the State of Delaware, and Southern Christian does not have a designated registered agent for service of process in Delaware. Turner

3

Aff. at 2.  SCU does not now have, and never has had any employees, agents or other representatives within the State of Delaware. White Aff. at 1-2; Turner Aff. at 1.

SCU has not contracted with any Delaware company or organization to provide any advertising or media relations services. Turner Aff. at 1-2.  SCU does not now, and has never contracted with any Delaware company or other organization to provide or deliver educational or student services in Delaware. Turner Aff. at 2.  Similarly, SCU has not entered into any partnerships with an Delaware companies, associations, or other educational institutions to provide any educational services in Delaware. Turner Aff. at 2.  SCU does not now have, and never has had any bank accounts or other financial interests in Delaware. Turner Aff. at 2.

Further, Southern Christian has not sued any other entities or individuals in the Delaware courts, and until the commencement of this action by plaintiff, Southern Christian had never been sued in the Delaware courts.

At this time, SCU has approximately 800 students enrolled.  Moreover, the total unduplicated head-count of students enrolled during the entire period from January 2003 through August 2005 (being the period of enrollment by plaintiff), is 1,435 students.  A review of those 1,435 students' records shows that only *one* student, who is not plaintiff, has a last known address in Delaware. White Aff. at 2.  Moreover, the one student with a Delaware address moved to Delaware *after enrolling* at SCU. White Aff. at 2.  Indeed, until the receipt of the complaint filed by plaintiff, Southern Christian did not know that plaintiff was allegedly residing in Delaware. White Aff. at 2.

Indeed, the SCU records for Ms. Kloth showed that she continued to reside in Connecticut during the entire time she was enrolled at SCU. White Aff. at 3; Turner Aff. at 2. Defendants further note that current public records continue to show the plaintiff has the same

4

residence address in Connecticut (320 N. Georges Hill Road, Southbury) that she had in 2003 when she enrolled at SCU. *See* Exh. C, 411.com listing; whitepages.addresses.com. The same search for plaintiff in Delaware shows that there are no addresses for her in Delaware. *See* Exh. D, intelius.com listing.

### C.     The Southern Christian Website Is Informational

In addition to there being no significant traditional contacts between Southern Christian and Delaware, the Southern Christian (Regions) website is substantially informational and is not commercial. More specifically, the Southern Christian website, www.southernchristian.edu (www.regionsuniversity.edu), provides general public information that includes degree program descriptions, admissions information, registry information, financial aid information, student resources, an academic catalog, the academic calendar, and campus and on-line courses. Such information is not intentionally directed to Delaware, or to any particular state. Indeed, the website, by design, disseminates information to the internet in general. Moreover, the website does not intentionally or knowingly direct the transacting of business to Delaware residents and citizens. In short, the Southern Christian website does not provide the type of commercial contacts with Delaware, and does not show any purposeful or knowing conducting of business in Delaware by directly targeting the website to Delaware.

### ARGUMENT

## I.     THE CLAIMS AGAINST SOUTHERN CHRISTIAN SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A.     Relevant Legal Standards

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, claims against a defendant must be dismissed if the court lacks personal jurisdiction over that individual. For purposes of personal jurisdiction, the court looks first to whether the state's Long-Arm Statute

5

permits service of process and then to "whether the assertion of jurisdiction would be inconsistent with due process." *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 WL 1192641, at *2 (D. Del. May 24, 2004); *see* Fed. R. Civ. P. 4(k)(l)(A). Delaware's Long-Arm Statute "is an extension of and not a limitation upon the rights otherwise existing of service of legal process upon nonresidents." Del. Code Ann. tit. 10, § 3104(1). If the state statutory requirements are met, then the court must consider whether the assertion of personal jurisdiction would comport with constitutional notions of due process. *Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002) (no personal jurisdiction under Delaware Long-Arm Statute); *Siemens Akieingesellschaft v. LG Semicon Co., Ltd.*, 69 F. Supp. 2d 622, 627 (D. Del. 1999) (applying Delaware's Long-Arm Statute and holding no specific or general jurisdiction over patent infringement defendant).

Federal constitutional principles of due process require that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *Padcom, Inc.*, 2004 WL 1192641, at *6 (citing *Int'l Shoe Co.*) For the court to find that minimum contacts exist between a nonresident defendant (like Southern Christian) and the forum state, there must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities" within that state, thus "invoking the benefits and protections" of the state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), *reh'g denied* 358 U.S. 858 (1958). The defendant's conduct and connection with the forum state must be such that he or she would reasonably anticipate being haled into court in that state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

# 551161 v.2

The forum may exercise "general" jurisdiction over a defendant whose contacts with the forum are "continuous and substantial." *Padcom, Inc.*, 2004 WL 1192641, at *2; *Merck v. Barr*, 179 F. Supp. 2d 368, 374 (D. Del. 2002); *Siemens*, 69 F. Supp. 2d at 626. Indeed, the "defendant must have an 'intent or purpose to serve the Delaware market with their product.'" *Siemens*, 69 F. Supp. 2d at 626-27 (quoting *Boone v. Oy PartekAb*, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997)). Under traditional jurisdictional analysis, absent a finding of general jurisdiction, the court may still exercise "specific" jurisdiction over a defendant if the defendant has purposefully directed its activities at residents of the forum and the action arises from or is related to a defendant's actions within the forum state. *Burger King Corp. v. Radzewicz*, 417 U.S. 462, 472 (1985).

In the context of the internet or website information, the Third Circuit has explored the contacts necessary for a court to have specific jurisdiction over a defendant based on its operation of a web site. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003); *Padcom, Inc.*, 2004 WL 1192641, at *4. In particular, the Third Circuit's test for specific jurisdiction is whether the defendant "intentionally and knowingly transacted business with residents of the forum state, and had significant other contacts with the forum besides those generated by its web site." *Toys "R" Us*, 318 F.3d at 453 (noting that the exact mix of Internet and non-Internet contacts required to support an exercise of personal jurisdiction should be determined on a case-by-case basis by assessing the 'nature and quality of the contacts.' (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1127 (W.D. Pa. 1997)); *Padcom, Inc.*, 2004 WL 1192641, at *5.

The Third Circuit articulated that non-internet factors that a district court should consider are, *e.g.*, business trips to the forum state; telephone and fax communications directed to

7

the forum state; purchase contracts with forum state residents; contracts that apply the law of the

forum state; and advertisements in local newspapers. *Toys "R" Us, Inc.*, 318 F.3d at 453-454;

*Padcom, Inc.*, 2004 WL 1192641, at *5. Other non-internet factors that should be considered

include the use of direct or third-party telemarketers to solicit business and purchases; directing

advertising or marketing to the forum; and mailing promotional materials to the forum. *Padcom,*

*Inc.*, 2004 WL 1192641, at *5-6.

       In addition, the Third Circuit noted that other relevant evidence that might support

the exercise of personal jurisdiction is that the defendant purposely and knowingly conducted

business in the forum state by directly targeting its web site to the State. *Toys "R" Us, Inc.*, 318

F.3d at 452; *Padcom, Inc.*; 2004 WL 1192641, at *5

**B.**    **Personal Jurisdiction Over Southern Christian Is Absent**

      **1.**    **Delaware's Long-Arm Statute Does Not Confer**
              **Personal Jurisdiction Over Southern Christian**

       Although plaintiff has not alleged any basis in her "complaint" for personal

jurisdiction over the defendants, Southern Christian assumes that plaintiff's argument is that the

Court has jurisdiction over Southern Christian under either Sections 3104(c)(1) or (4) of

Delaware's Long-Arm Statute. *See* 10 <u>Del</u>. <u>C</u>. §§ 3104(c)(1), (4). Those sections provide:

> (c) As to a cause of action brought by any person arising from any
> of the acts enumerated in this section, a court may exercise
> personal jurisdiction over any nonresident, or a personal
> representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or
> service in the State;
>
> . . . .
>
> (4) Causes tortious injury in the State or outside of the State by an
> act or omission outside the State if the person regularly does or
> solicits business, engages in any other persistent course of conduct

8

in the State or derives substantial revenue from services, or things
used or consumed in the State . . . .

Delaware's courts have held that section 3104(c)(1) is a specific jurisdiction
section and that section 3104(c)(4) is a general jurisdiction section. *Padcom, Inc.*, 2004 WL
1192641, at *4; *Siemens*, 69 F. Supp. 2d at 625, 626. Whether or not Delaware's Long-Arm
Statute confers personal jurisdiction is a fact-specific inquiry. *Siemens*, 69 F. Supp. 2d at 625.

For the facts currently before the Court, the *only bases* for jurisdiction over
defendants asserted in the Complaint are the allegations that plaintiff "move[d] her 11-year old
daughter to Delaware," Complaint ¶ 47, in February 2005, more than three years after she had
started at Southern Christian and continued her education at SCU allegedly while living in
Delaware. Plaintiff's continued education at SCU consisted of two courses (of a total of 17
courses). Moreover, several months after allegedly moving to Delaware, in August 2005,
plaintiff dropped her enrollment at SCU.

Significantly, plaintiff's own allegations and exhibits provided with her complaint
show that as of July 20, 2005, well after her alleged move to Delaware, plaintiff was still a
citizen of and still resided at 320 North George's Hill Road, Southbury, Connecticut, (*see*
Exhibit J to the Complaint). Moreover, as late as March 18, 2006, plaintiff was still a citizen of
and still resided at 320 North George's Hill Road, Southbury, Connecticut, (*see* Exhibit N to the
Complaint). As noted above, a search of public records today shows that plaintiff does not have
a residence address in Delaware, but does still reside at 320 North George's Hill Road,
Southbury, Connecticut. Accordingly, plaintiff's allegations of being a citizen of Delaware are,
at best suspect, and appear more likely, to be simply wrong.

The facts relating to Ms. Kloth are analogous to those set forth in *Worldwide
Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), in which the Supreme Court found the

9

defendant's "contacts" with the forum to be random and 'fortuitous.' In *Worldwide Volkswagen*, the defendant did not transact business with the forum, did not market towards the forum, nor in any way did the defendant target the forum. But for the fact that the plaintiffs in *Worldwide Volkswagen*, by traveling to the forum, physically brought any connection with them by traveling to the State, there would have been no ties between the forum and the defendant. Similarly, Southern Christian in this case have in no way targeted or solicited business in Delaware, nor have they conducted business in Delaware. Like the defendant in *Volkswagen*, but for the fact that plaintiff possibly relocated to Delaware several years after enrolling at SCU, there would have been no ties with this forum. Accordingly, Southern Christian's alleged "contacts" with Delaware are similarly random and 'fortuitous.'

As compared to the fortuity of plaintiff possibly moving to Delaware for 7 months out of the 3 years she was enrolled at SCU, the evidence indisputably shows that:

- Southern Christian is not incorporated in or organized under the laws of Delaware

- Southern Christian does not maintain any campuses or other places of business in Delaware

- Southern Christian does not hold any real or personal property in Delaware

- Southern Christian is not licensed to do business in Delaware

- Southern Christian does not have a designated registered agent for the service of process in Delaware

- Southern Christian does not have a telephone number in Delaware

- Southern Christian does not have any bank or brokerage account in Delaware

- Southern Christian does not have any employees, representatives or agents in Delaware

- Southern Christian does not offer its educational services specifically with a Delaware citizen in mind

- Southern Christian has never sued in the Delaware courts, and until the commencement of this action, has never been sued in the Delaware courts

# 551161 v.2

- Southern Christian's higher education marketing efforts are directed to a national audience

- Southern Christian has not retained any third parties to promote or advertise Southern Christian's education services in Delaware

- Southern Christian has not derived any revenue from Delaware

- Southern Christian's main campus is in Montgomery, Alabama

- Plaintiff was when she started at Southern Christian, and continues today to be a citizen of Connecticut[5]

As such, the evidence establishes that Southern Christian's contacts, where any such contacts exist, are too attenuated to establish either specific or general jurisdiction under Delaware's Long-Arm Statute. *See, e.g., Merck*, 179 F. Supp. 2d at 373-74; *Siemens*, 69 F. Supp. 2d at 625-26.

### 2.    Due Process Compels a Finding of No Personal Jurisdiction

Assuming, *arguendo*, that the Court were to determine that it may exercise personal jurisdiction over Southern Christian under Delaware's Long-Arm Statute, the Court must still determine whether the exercise of jurisdiction would comport with the Due Process Clause. *See Int'l Shoe v. Washington*, 326 U.S. at 310; *see also Padcom, Inc.*, 2004 WL 1192641, at \*6.

Plaintiff has the burden of establishing that this Court may exercise personal jurisdiction over its claims. *Siemens*, 69 F. Supp. 2d at 624. Under Delaware law, the courts use a two-step analysis to determine if they can exercise personal jurisdiction over a defendant. *Padcom, Inc.*, 2004 WL 1192641, at \*2; *Siemens*, 69 F. Supp. 2d at 624. The courts first must determine if Delaware's Long-Arm Statute applies. Then, if the Long-Arm Statute confers jurisdiction, the courts must determine if asserting personal jurisdiction "would comport with

---

[5]    See White Aff.; Turner Aff.

11

constitutional notions of due process." *Padcom, Inc.*, 2004 WL 1192641, at *6; *Siemens*, 69 F. Supp. 2d at 624-25.

Plaintiff has not alleged, and cannot show that Southern Christian has purposefully directed its activities at Delaware or that her claims of religious discrimination and breach of an implied contract arise out of any activity by Southern Christian that occurred in Delaware. More to the point, as noted above, the allegations of plaintiff do not consistently show that Southern Christian knowingly communicated with her in Delaware at any time prior to this litigation. Until receipt of the filing of plaintiff's complaint, Southern Christian has always understood that plaintiff resided in Connecticut. The record evidence, including that submitted by plaintiff, shows that plaintiff continues to reside at her record address in Connecticut, and that she, prior to this lawsuit never advised Southern Christian that her address had changed to Delaware.

Even if there is the existence of purposeful minimum contacts, which defendants contend there are no such contacts shown in this case, a due process determination requires one further step. The concept of "fair play and substantial justice" inherent in the minimum contacts requirement may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 116 (1987) (Brennan, J., concurring in part and concurring in the judgment) (quoting *Int'l Shoe*, 326 U.S. at 320); *Provident National Bank v. California Federal Savings & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987) (Third Circuit held that plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction); *Padcom, Inc.*, 2004 WL 1192641, at *6.

Accordingly, if this Court were to find that the exercise of personal jurisdiction over Southern Christian is technically proper, the facts warrant that the Court should still decline

to exercise personal jurisdiction on the basis that such exercise would be unfair and unreasonable under the circumstances.

For the reasons and arguments presented above, there simply are no facts that would support a claim that Southern Christian directed any of its educational activities towards, or performed any acts in Delaware that would rise to the level of substantial and continuous contacts. As such, the exercise of personal jurisdiction over Southern Christian does not comport with constitutional notions of due process.

## CONCLUSION

Plaintiff has not alleged any basis for personal jurisdiction over Southern Christian. Plaintiff has not alleged any acts that support or demonstrate that jurisdiction over Southern Christian is appropriate under Delaware's Long-Arm Statute or comports with the notions of due process. For these reasons, and the arguments presented in this brief, Southern Christian contends that the claims against it should be dismissed for lack of personal jurisdiction.

STRADLEY RONON STEVENS & YOUNG, LLP

October 20, 2006

_Michael P. Migliore_
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

Attorneys for Defendants,
Southern Christian University,
And its Board of Directors

13

# 551161 v. 2

# Exhibit A

STATE OF MICHIGAN    )
MACOMB COUNTY)

### A-F-F-I-D-A-V-I-T

BEFORE ME, the undersigned Notary Public for the State of Michigan, comes **Dr. John H. White,** who is known to me, and who being by me first duly sworn, states under oath as follows:

My name is John H. White. I am a resident of the State of Michigan, am over twenty-one years of age, and am making this statement voluntarily of my own free will and based on my personal knowledge. I understand that this Affidavit may be filed in response to the "Application for Breach of Implied Contract and Religious Discrimination" (Complaint) filed by Ms. Joan T. Kloth in the United States District Court for the District of Delaware, in the case designated as Civil No. 06-244-SLR.

I am contracted by Southern Christian University (that recently changed its name to "Regions University") and serve as its Director of the Center for Institutional Research. I have been contracted by Southern Christian University (hereafter "SCU" or "the University") since November 1998. I have also been heavily involved in the University's regional accreditation renewal process. As such, I am personally familiar with the location, operations, and enrollments of the University, as well as the below-mentioned history of Ms. Kloth's interactions with SCU.

The main campus of Southern Christian University is located at 1200 Taylor Road, Montgomery, Alabama 36117-3553. The University is also authorized to offer classes at a location in the Nashville, Tennessee metropolitan area. SCU does *not* have, and never has had, a campus, instructional center, site, recruitment center, office, or any other physical location or presence within the State of Delaware. Nor, to my knowledge, has SCU targeted any advertising

Page 1 of 4

to Delaware residents, employed anyone residing in Delaware, or hired anyone to work in Delaware.

I am familiar with, and have again recently reviewed, the registration and student enrollment records and patterns of the University. Based thereon, there currently are no SCU students who, when they initially enrolled with the University, reported their address as being within the State of Delaware. None. Nor, during the times Ms. Joan Kloth complains of (January 2002 through Summer 2005), did any new SCU student applying for first-time admission to the University submit an application for admission that indicated Delaware residency.

My review of SCU records shows that of approximately 1,435 students enrolled at SCU, only one of those students, who is not Ms. Joan Kloth, has on file with the University a last known address in Delaware. And that student moved to Delaware *after* having enrolled at SCU while living in a different state.

It is my understanding that, at paragraph 47 of her Complaint, Ms. Joan Kloth asserts that on February 20, 2005, she "moves her 11-year old daughter to Delaware." I do not know whether or not this statement is intended by Ms. Kloth to imply that at or about the same time Ms. Joan Kloth also herself moved to Delaware. But if so, then Ms. Kloth failed to inform SCU of her change of address.

SCU records, true and correct copies of which are attached to this Affidavit, correctly record that on September 9, 2002, Ms. Kloth's admissions application for the then-upcoming Spring Semester 2003 (January 13, 2003 through April 25, 2003). At that time (September 9, 2002) Ms. Kloth stated her address as being within the State of Connecticut. Later communications from and to Ms. Kloth continued to show her as residing in Connecticut. The last change of address on file with the University, as reported by Ms. Kloth on April 4, 2003, and

a copy of which is attached, informed the University that Ms. Kloth's home address was "320 North George's Hill Road, Southbury, CT 06488." There is no change of address or other report in University student registration / admission records in which Ms. Kloth's address is thereafter reported to have changed, or to be in Delaware. In other words, the records do not include any document whereby SCU would have learned that Ms. Kloth moved to Delaware, and I am unaware of SCU having any such knowledge of Ms. Kloth living in Delaware prior to her filing her Complaint with the Court.

Indeed, Exhibit H to the Complaint is a purported copy of an August 5, 2005, email by which Dr. Barbara Alford communicated to Ms. Kloth about the decision of the University's "Appeals Committee" regarding her internal grievance. At that time I was a member of the University's Executive Leadership Team, and Dr. Alford's email informed Ms. Kloth that she could pursue her internal grievance to the next appellate level, the Executive Leadership Team, by notifying me via email or facsimile. As one can see from Dr. Alford's email, the Appeals Committee delivered the committee decision to her last known address in Connecticut. I did not then know or believe that Ms. Kloth was living in Delaware, and had no reason to suspect that she was, or had been, living in that state, especially since communications from her to the University and others indicated her address to be in Southbury, Connecticut. Had the University known that she had moved from Connecticut to Delaware, then I would have encouraged and persuaded the Appeals Committee to deliver notifications to her at a Delaware address.

Furthermore, in her Complaint Ms. Kloth expresses displeasure at not being successful, or the University supposedly not being as helpful to her as she desired, in securing a clinical / practicum site in professional counseling or marriage and family therapy near her home *in Connecticut.* I was personally involved in some of the efforts by SCU to assist Ms. Kloth in identifying a counseling clinical / practicum site (even though the University was under no

obligation to do so, as that was the student's responsibility), and in replying or working with Professor Wayne Perry to respond to a number of Ms. Kloth's communications related to that matter. At that time it was obvious that Ms. Kloth was reportedly living in Connecticut and was seeking a clinical / practicum opportunity in Connecticut (not Delaware). Moreover, Ms. Kloth eventually reported to SCU that she had secured a clinical / practicum site, and later reported participating in a clinical experience at that site, in Connecticut. Put another way, to the extent Ms. Kloth now makes allegations in her Complaint about SCU supposedly not adequately assisting her, those allegations (regardless of whether accurate or not) pertain to events transpiring in Connecticut and Alabama; not Delaware.

Further, the Affiant sayeth not.

_____
John H. White, Affiant

## ACKNOWLEDGMENT

Sworn to and subscribed before me the undersigned Notary Public on this the 12th day of October, 2006.

(SEAL)

NATHAN RIDEN
NOTARY PUBLIC, MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXPIRES JAN. 4, 2011

_____
Notary Public
State of Michigan

My commission expires: 1-4-2011

# Graduate
# Application
## for Admission

**SCU**
## SOUTHERN CHRISTIAN
## U N I V E R S I T Y

Student I.D. # ▮▮▮▮▮▮▮▮▮

Kloth     Joan     T.
Last name     First name     M.I.

Maiden/Other Name

320 North George's Hill Road
Street address

Southbury     CT.     06488
City     State     ZIP

Social Security number
▮▮▮▮▮▮▮▮▮
Home phone

Work phone (Extension)
▮▮▮▮▮▮▮▮▮
E-mail

**Will you be applying for federal financial aid to support your studies at this University?** ☒ yes ☐ no

**Will you be applying for veteran's benefits?**
☐ yes ☒ no   VA File # _____

**When do you plan to begin your studies?**
Jan.    2003    /
month    year    semester

**Anticipated Graduation Date** _____

**I plan to complete:**
☐ 24+ credits per year    ☐ 9-14 credits per year
☒ 15-23 credits per year

**Information for statistical analysis and governmental reporting only (optional)**

**Date of Birth:** ▮▮▮▮▮ Sex ☐ male ☒ female
mo   da   yr

**Marital Status:** ☐ single ☒ married ☐ _____

**Race:** _____

**Religious Affiliation:** _____

---

**For which academic program are you applying?**
10-5-02

☐ Master of Science      Arts
   ☐ Marriage/Family Therapy
   ☒ Professional Counseling
   ☐ Pastoral Counseling
   ☐ Christian Ministry
   ☐ Organizational Leadership

**Master of Arts**
*language required*
Biblical Studies
☐ Thesis
☐ Non-Thesis

☐ Audit
☐ Transient
☐ Post-Graduate Work
☐ Professional Credentialing

**Master of Divinity**
*Three-year Professional Degree*
☐ Christian Ministry
☐ Marriage/Family Therapy
☐ Professional Counseling
☐ Pastoral Counseling

**Computer Literacy Acknowledgement**
Students admitted to SCU should:
1. Possess sufficient computer skills to use the basic typing, editing and printing functions of a word-processing package (Microsoft Word preferred)
2. Possess the skills necessary to download/install software
3. Have access to a computer with Internet link (EarthLink; AOL; GTE; BellSouth, etc.) and browser
4. Possess the ability to access online materials and information
5. Engage in e-mail correspondence.

Computer type (Pentium, etc.) Pentium IV

Computer skills (typing/editing/printing/word processing)
Yes. Can build a computer. Type 60 wpm

Internet Service Provider AOL, Cable, Earthlink, Netscape
E-mail Address ▮▮▮▮▮▮▮▮▮
Yes, I have the necessary computer skills to view and participate in SCU's courses over the Internet.

_Signature_

**If you do not have adequate computer skills, contact SCU's Admissions Office**

---

Mail to: **Admissions Office**
1200 Taylor Rd. • Montgomery, AL 36117-3553 • 800-351-4040 • 334-387-3877
www.southernchristian.edu • admissions@southernchristian.edu

Please complete both sides of this application.

200   8.01

## College & University Education

In chronological order, list your high school and all post-secondary educational institutions attended.

Saddle River Country Day School, Saddle River, N.J.
Name and location of high school

Diploma ☒ yes ☐ no
GED ☐ yes ☐ no

Charter Oaks State College, CT.          1978          Jan. 2002
Name and location                                    Dates attended          Degree/date completed

_____          _____          _____
Name and location                                    Dates attended          Degree/date completed

_____          _____          _____
Name and location                                    Dates attended          Degree/date completed

_____          _____          _____
Name and location                                    Dates attended          Degree(s) and date(s) received

An official copy of your academic transcript(s) and/or certificate(s) from each institution listed above must be on file at Southern Christian University before the application process can be completed. It is your responsibility to see that the transcripts are sent to SCU.

## Professional Recommendations (2) Letters must be submitted from employers, supervisors, professors, or others able to comment on your performance and potential (no friends or relatives). Please use the provided Recommendation Forms. Recommendation Forms will be submitted from (please list names):

███████████          Danbury          CT
Name                                    City          State

███████████          Southbury          CT.
Name                                    City          State

## Professional Experience   List your three most recent positions held:

███████████  Southbury, CT  ███████████
Company/Organization   City/State   Dates Employed   Position

███████████  Wilton, CT  ███████████
Company/Organization   City/State   Dates Employed   Position

███████████  Bethel, CT.  ███████████
Company/Organization   City/State   Dates Employed   Position

My signature on this form is acknowledgement that as a student of Southern Christian University I agree that I will abide by the drop, add, withdraw, and refund policies established by Southern Christian University as posted in the online Academic Catalog. I have reviewed the online academic withdrawal and refund policy. I understand that non-attendance does not constitute official withdrawal, and that I must in writing officially inform the Registrar of my intent to drop, add, or withdraw.

I understand that when I inform admissions personnel during registration dates by telephone, online, or in person that I wish to register for specific courses, I am an officially registered student at that point. My signature or electronic submission also acknowledges that telephone calls made to Southern Christian University may be recorded for purposes of accuracy and quality control. My signature or electronic submission acknowledges consent to distribute my address and/or email address to other students for the purpose of student networking.

I certify with my signature or electronic submission that the information submitted on this application is correct. If this application is approved, I hereby pledge to abide by the academic and student regulations of Southern Christian University as set forth in the catalog and/or other official publications. I acknowledge that any online electronic submission of the application, course registration, financial aid application, email, correspondence, etc., constitutes an official statement from me.

_____          9-9-02
                Signature                                    Date

## Application fee ($50) form of payment:

☐ check   ☐ money order   ☒ credit card   (circle one)   (Visa)   MasterCard   American Express   Discover

███████████          Joan T. Kloth
Card Number          Name as it appears on card          Expiration Date

## See SCU's catalog for non-discrimination statement

```
Master Directory Maintenance    REGIONS UNIVERSITY          10/11/06 03:37:04 PM
      ID #        ████████████
      Kloth                    Joan            T.
  1. Last Name            2. First Name   3. Middle Name   4. Goes-By Name
      8 Ms.                    0                Joan
  5. Title                 6. Extension   7. Salutation
  8. Address 1   320 North George's Hill Road
  9. Address 2
      06488                Southbury       CT
 10. Zip Code    11. City            12. State
                         New Haven           U. S. of A.
      Dist Code           County          13. Country
 14. Address
      Correct ? Y     Address Changed date:   4/04/2003
 15. Home Phone ████████████
 16. Work Phone ████████████
 17. Work Ext
 18. FAX Phone
 19. FAX Ext
 20. Web Site
 21. E-mail     ████████████
 22. E-mail
Change field?
```

```
Master Directory Maintenance  REGIONS UNIVERSITY           10/11/06 03:43:38 PM
    ID #    ███████████
    Name        Ms. Joan T. Kloth

 1. Group Number   ███████████
 2. Affiliation              0
 3.    4.    5.    6.    7.    8.    9.   10.   11.   12.   13.   14.   15.   18.   17.   18.
MIN.  ALUM  ELDR  BRD.  FAC.  DEA.  LEDR  TREA  P.D.  EVAN  M/L  LIFE  CHUR  PLEG  IDEA  GFTS
       A                                             N     Y                             N
19.   20.   21.   22.   23.   24.   25.   26.   27.   28.   29.   30.   31.   32.   33.   34.
A/R   L.P.  Anti  Dead  Schd  RemN  CMin  DMin  PMin  OTHR  SC   Jmac  CSec  R.C.  X-eM  YMin
       N     N     N           N                             N    N


Student   Customer   Has Comments   Recruit



Change field?
```

# Exhibit B

STATE OF ALABAMA      )
MONTGOMERY COUNTY )

### A-F-F-I-D-A-V-I-T

BEFORE ME, the undersigned Notary Public for the State of Alabama at Large, comes **Rex A. Turner, Jr.,** who is known to me, and who being by me first duly sworn, states under oath as follows:

My name is Rex A. Turner, Jr. I am a resident of the State of Alabama, am over twenty-one years of age, and am making this statement voluntarily of my own free will and based on my personal knowledge. I understand that this Affidavit may be filed in response to the "Application for Breach of Implied Contract and Religious Discrimination" (Complaint) filed by Ms. Joan T. Kloth in the United States District Court for the District of Delaware, in the case designated as Civil No. 06-244-SLR.

I am the President of Southern Christian University ("SCU"), an institution of higher education that just recently changed its name to "Regions University." I have served as President since 1987. In that capacity I am personally familiar with the location, operations, advertising, business transactions, policies, and enrollments of the University, as well as the below-mentioned history of Ms. Kloth's interactions with SCU.

The main campus of Southern Christian University is at 1200 Taylor Road, Montgomery, Alabama 36117-3553. SCU is also authorized to offer classes at a location in the Nashville, Tennessee metropolitan area. SCU does *not* have a campus, instructional center, site, recruitment center, office, or any other physical location or presence within the State of Delaware. At no time has SCU ever had any physical location or presence in Delaware.

SCU does not have, and never has had, any officials or employees, or any non-employee agents, residing in or working within the State of Delaware.

SCU does not target, and has not targeted any advertising or recruitment efforts to Delaware residents. SCU has not contracted with any Delaware company to provide advertising or media relations

Page 1 of 2

services. SCU has no salespersons or agents in Delaware.

SCU does not have, and never has had, any bank accounts in Delaware. Nor does Southern Christian University contract with any company, organization, association, or other entity based in Delaware to deliver or assist in delivering educational or student services, or contract for any such services to be performed or materials to be produced in Delaware. Nor has Southern Christian University entered into any partnerships with Delaware-based companies or associations. In other words, SCU does not do business in Delaware, and has not endeavored to do so.

With regard to Ms. Joan T. Kloth, Southern Christian University did not intentionally or knowingly enter into any agreement with her with the knowledge that she was residing in Delaware. Indeed, until receiving a copy of Ms. Kloth's Complaint in this case, I had no knowledge or reason to suspect that Ms. Kloth had moved from Connecticut to Delaware. University records always showed, and still show, her to be residing in Connecticut.

Further, the Affiant sayeth not.

Rex A. Turner, Jr., Affiant

## ACKNOWLEDGMENT

Sworn to and subscribed before me the undersigned Notary Public on this the 12th day of October, 2006.

(SEAL)

Notary Public
State of Alabama at Large

My commission expires: 1-10-07

Page 2 of 2

# Exhibit C

411.com - Online Directory Assistance                                    Page 1 of 1

# 411.COM™

☒ Click Here

Print Screen  |  Back

**Search Information**
Displaying 1-1 of 1 result matching "Kloth, Joan, CT"

1 of 1   **KLOTH, JOAN**
         320 N Georges Hill Rd
         Southbury, CT 06488-2626

Copyright © 1996-2006 411.com. All rights reserved.
Privacy Policy ,Legal Notice and Terms under which this service is provided to you.

 





| Home | White Pages | Yellow Pages | Background Check | Reverse Phone | Reverse Address |

The Simple Way to **Search White Pages & Yellow Pages.**

**Joan Kloth**
320 N Georges Hill Rd
SOUTHBURY, CT 6488

Find Nearby Businesses | Map | Directions



Does Joan Kloth have civil court records in the state of Connecticut

Does Joan Kloth have a criminal record in Connecticut?

What is this property worth?

**SUMMARY INFORMATION FOR JOAN KLOTH IN SOUTHBURY, CT**

**PREVIOUS ADDRESSES:**

■ **1 Address in SOUTHBURY, CT**

**COMPLETE BACKGROUND CHECK INCLUDES (WHEN AVAILABLE):**

| | |
|---|---|
| ■ CRIMINAL CHECK | ■ AREA SEX OFFENDER CHECK |
| ■ BANKRUPTCIES & LIENS | ■ SMALL CLAIMS & JUDGMENTS |
| ■ 20 YEAR ADDRESS HISTORY | ■ RELATIVES & ROOMMATES |
| ■ NEIGHBORS | ■ HOME VALUE & DETAILS |
| ■ NEIGHBORHOOD INFO | ■ SATELLITE & MAP IMAGES |
| ■ ALIAS NAMES | ■ MUCH MORE.. |

**VERIFICATIO**

Verify Current
Phone Numbe
against public

**Additional Services:** Verify **Current Addresses & Phone Numbers** in this report via **public utilities.**

## Want to know more? Get the full background report!

**Free White Pages**

First or Initial:        Last Name:
Joan                     Kloth

City:                    State:
Southbury                Connecticut

: SEARCH :

**Search White Pages Premium Listings**

First Name:              Last Name:
Joan                     Kloth

City:                    State:
Southbury                Connecticut

SEARCH

Reverse Phone Lookup
Email Search
Unlisted Phone Number Search

White Pages | Yellow Pages | Reverse Lookup | Email Search | Zip Codes | Background Check | Travel | Area (
Terms of Use | Feedback | All Searches

# Exhibit D

Intelius People Search - Public Records, Background Checks & More. - Intelius.com    Page 1 of 2

 **INTELIUS**
Live in the know.

Login to Intelius |
Customer Service: 425.974.6100 |

| Verification Services | Information Services | Protection Services | Business Services |
|---|---|---|---|
| Background Information | People Search | IDWatch | Employee & Tenant |
| Phone Number Verification | Search By Phone Number | Background Check | IDWatch For Enterp |
| Property & Area Information | Criminal Records | All Products & Services | Batch & Lead Gener |

**EXPANDED SEARCH INFORMATION**

- We searched **Joan Kloth** and found 0 records in DE
  We searched **Joana Kloth** and found 0 records in DE
  We searched **Joann Kloth** and found 0 records in DE
- We searched **Joanna Kloth** and found 0 records in DE
  We searched **Joanne Kloth** and found 0 records in DE
- We searched **Joan Kloth** and found 11 records **nationwide**

# PEOPLE SEARCH RESULTS

**11 People** found that match **Joan Kloth** in DE state.
Click on any **Name** or **View Details** link for more info.

✔ = Available Information

| See Details on All 11 People! | Get A : |
|---|---|

| | NAME | PHONE | ADDRESS | PREVIOUS CITIES | RELATIVES |
|---|---|---|---|---|---|
| 1 | JOAN M KLOTH (Age: 70) | ✔ | ✔ | WALSH, IL | RONALD KLOTH<br>CLARENCE B KLOTH<br>ROY D KLOTH<br>CLARENCE E KLOTH<br>DEAN A KLOTH<br>GARY R KLOTH<br>GAIL S KLOTH<br>LAVERNE KLOTH<br>MICHAEL KLOTH |
| 2 | JOANNE GEORGE KLOTH (Age: 45) | ✔ | ✔ | NEWTOWN, CT<br>RIDGEFIELD, CT | JOANNE GEORGE KLOTH<br>DAUZA KLOTH<br>BETTY A KLOTH<br>DAVID S KLOTH<br>HOWARD H KLOTH<br>PEGGY KLOTH |
| 3 | JOAN M KLOTH (Age: 70) | ✔ | ✔ | PRAIRIE DU ROCHER, IL | RONALD D KLOTH<br>MICHAEL P KLOTH |
| 4 | JOAN T KLOTH (Age: 46) | ✔ | ✔ | SOUTHBURY, CT<br>RIDGEFIELD, CT<br>WILTON, CT | DAUZA KLOTH |
| 5 | JOAN M KLOTH (Age: 70) | ✔ | ✔ | WALSH, IL | CLARENCE KLOTH<br>RONALD D KLOTH<br>LAVERNE A KLOTH |
| 6 | JOAN T KLOTH (Age: 46) | ✔ | ✔ | HAWORTH, NJ<br>TENAFLY, NJ<br>UPPER SADDLE RIVER, NJ | |
| 7 | JOAN M KLOTH (Age: 70) | ✔ | ✔ | TILDEN, IL | RONALD D KLOTH |
| 8 | JOAN E KLOTH | ✔ | ✔ | HOBART, IN<br>LONGBOAT KEY, FL<br>MERRILLVILLE, IN | PAUL H KLOTH<br>JOANNE KLOTH<br>DAVID CURTIS KLOTH<br>JAYLENE E KLOTH |
| 9 | JOAN M KLOTH (Age: 70) | ✔ | ✔ | TILDEN, IL | RONALD D KLOTH |

Intelius People Search - Public Records, Background Checks & More. - Intelius.com          Page 2 of 2

| | PHONE | ADDRESS | PREVIOUS CITIES | RELATIVES |
|---|---|---|---|---|
| 10 JOAN KLOTH | ✔ | ✔ | SOUTHBURY, CT | |
| NAME | | | | |
| 11 JOAN T KLOTH | - | ✔ | ENGLEWOOD, NJ | |

## People Search

| Name | Address | Phone | Social Security # | Advanced | Maiden |
|---|---|---|---|---|---|

| First Name | MI | Last Name | State |
|---|---|---|---|
| Joan | | Kloth | Delaware |

☐ I entered a **partial first name** above          SEARCH

Bookmark Intelius | Help | About | Contact Us | FAQ | Terms & Conditions | SiteMap | Affiliates
©2006, (www7-995)



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

*Brief in Support of Defendant's Motion to Dismiss* was caused to be served on October 26, 2006

upon the below noted party at the addressed noted for such *pro se* party by first-class mail,

postage pre-paid:

Joan T. Kloth
37 Winter Haven Drive
Apt 1
Newark, DE  19702

Joan T. Kloth
320 North Georges Hill Road
Southbury, CT  06488-2626

Michael P. Migliore (DE Bar #4331)

# 551161 v. 2