UNITED STATES DISTRICT COURT

WILMINGTON, DE

CASE NO. 06-244-SLR

Joan T. Kloth                                                 PLAINTIFF

    vs.

Southern Christian University;
    DEFENDANTS
Board of Directors;
et.al

RESPONSE TO MOTION TO DISMISS

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

PRELIMINARY INFORMATION PERTAINING TO THIS CASE

The Plaintiff, Joan Kloth ("Appellant"), PRO SE, hereby moves under Federal Civil Rule 55(c) in response to Defendants, Southern Christian University, (now known as "Regions University"), Motion to Dismiss respectfully state as follows:

1.     The Defendants failed to respond to the original Complaint within the 20-day time allowed by Rule 55 of the Federal Rules of Civil Procedure, therefore, it would be premature for them to request a dismissal of the case prior to dealing with the Summary Judgment Motion presently before the courts. (This entire issue is addressed in an Answer/Response from Plaintiff about Defendant's Responsive Brief in Opposition to the Motion of Plaintiff for Summary Judgment)

2.     Defendant received the Motion for Summary/Default Judgment on October 10, 2006. (Exhibit A)

1

3. On October 10, 2006, following the receipt of the Motion for Summary/Default Judgment, the Defendants hired Kevin Goldstein of Stradley Ronon Stevens & Young, LLP to represent them, as evidenced by Mr. Goldstein's Motion to be recognized as the attorney of record for them on October 10, 2006.

4. On October 20, 2006, the Defendant attempted to file an answer to the original claim made by the Plaintiff. This is a 66 days passed the 20-day time limit pursuant to Federal Civil Rule 55. The Plaintiff filed her case on April 20th, 2006. It was entered in on June 5, 2006 by the courts, and served upon the defendants by a Sheriff on July 28th. As per Federal Civil Rule 55, Defendant had till August 17th to answer the original complaint. (Courts have a true and accurate copy of Sheriff's Service upon the Defendant.)

5. Plaintiff contends that Defendants are pursuing this avenue of recourse due to their failure to respond to the original complaint *(Filed with the Court on April 20th and entered on June 5, 2006 and served upon the defendant on July 28th, 2006) and within the 20 days allowed by Rule 55 of the Federal Rules of Civil Procedure. Plaintiff was generous in allowing the Defendant 69 days to respond before taking the next step allowed by the Court.

Case Law 1: *Darrell F. Sanders v. Jay M. Cseh, Heritage Mechanical Services d/b/a Hutchinson Plumbing Heating Cooling LLC, Heritage Mechanical Services, and Hutchinson Plumbing Heating Cooling, LLC. C.A. No. 05C-07-011-JRJ.* Courts found that Defendant had not proven excusable neglect for failing to answer the complaint and ruled in the favor of the Plaintiff to not allow for dismissal. Case Law below is sited in this case.

Case Law 2: *Mendiola v. State Farm Mutual Automobile Insurance Co. C.A. No.: 05C-06-159 JRJ.* In this case, the judge found that State Farm was solely responsible for not answering the original Complaint because of their failure to hire and properly train their employees who sorted their mail and thus the courts did not accept this as excusable neglect.

Case Law 3: *STONINGTON PARTNERS, INC., et. al., Plaintiff, v. LERNOUT & HAUSPIE SPEECH PRODUCTS, N.V., et al., Defendants. C.A. No. 18524-NC.* The courts ruled that the law is clear on how a default judgment can be entered and that the Defendants clearly were at fault for not responding in the allotted legal time of 20 days stating the applicable principle that governs the entry of a default judgment is easily stated. A default judgment may be entered when a party against whom a judgment is sought has failed to appear, plead, or otherwise defend, where the party entitled to the default judgment applies for it. n12."

## RESPONSE TO MOTION TO DISMISS

6.  Plaintiff claims her legal right to file in the DE Federal District Court.

7.  Plaintiff's sole ability to communicate with her professors, including Dr. Wayne Perry, was via the Internet.

8.  The school is a distance-learning program with <u>NO</u> residency requirements that any classes needed to be performed or taken at their Alabama.

9.  Defendants have a "campus" in Alabama but hold themselves out to be primarily a distance learning school.

10. This is a claim within the US Federal District Court, which clearly has jurisdiction over Federal Laws in the state of Alabama.

11. Plaintiff was enrolled, taking her courses and pursuing to find a clinical training site from her Delaware Residence from February 2005 and on.

12. Once Plaintiff filed for Summary/Default Judgment, after waiting 69, when the law only requires a 20-day waiting period, the defendant finally responded. The Defendants attorney appears to be attempting to intimidate and circumvent the court's rules of law and attempting to take advantage of the Plaintiff as a Pro-se litigant.

As the Courts are well-aware, Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).*

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. *S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) Court has*

4

*special obligation to construe pro se litigants' pleadings liberally); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).*

"Plaintiff" has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, *Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996)*

WHEREFORE, it be known that the Defendant has not complied with Federal Civil Rule 55 to respond to the Complaint within 20 days and they have provided the court with no reason for not following Federal Civil Rule 55. The Defendant waited until the Plaintiff filed a Motion for Summary Judgment to respond. This was 66 days past the 20-day period to file a Response to the original Complaint. On Oct. 20, 2006, 86 days, when the law only provides for 20 days, after being served with the Original Complaint, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction, and filed a Responsive Brief to the Plaintiffs Motion for Summary/Default Judgment.

And as to the date of this filing, the Defendant has still failed to answer the original complaint.

As to the Personal Jurisdiction, this Motion should be denied as Plaintiff is a resident of the United States of America and the Defendant is operating under the Interstate Commerce Act.

In conclusion, the Court has no other option that to follow it's own rules, specifically Rule 55, and deny Defendant's Opposition against the Summary/Default Judgment as the Defendant clearly is beyond the acceptable time frame to answer the Original Complaint by 66 days and find in favor of the Plaintiff. The Plaintiff, therefore,

respectfully requests the Judge to rule in favor of the Plaintiff for Summary Judgment and grant such relief as is set out herein. Plaintiff requests $2,058,000 and to include the amended complaint filed on October 18, 2006 for the defendant to be solely responsible for all of the plaintiffs student loans affected by the Defendants' negligence and breach of implied contract.

Dated: November 1, 2006

                                          Respectfully submitted:

                                          JOAN T. KLOTH
                                          37 Winter Haven Drive, Apt. 1
                                          Newark, DE 19702
                                          Pro-Se

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCU
1200 Taylor Ave.
Montgomery, AL

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Becky Sampley   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 10/10

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7005 3110 0002 6754 1750

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCU - Board of Directors
1200 Taylor Ave.
Montgomery, AL.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Becky Sampley   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 10/10

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7005 3110 0002 6754 1743

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

UNITED STATES DISTRICT COURT

AND FOR THE DISTRICT OF DELAWARE

CASE NO. 06-244-SLR

Joan T. Kloth                                                                                  PLAINTIFF

    Vs.

Southern Christian University;                                                 DEFENDANTS
Board of Directors, et.al

AFFIDAVIT OF SERVICE/CERTIFICATE OF SERVICE

STATE OF DELAWARE:

COUNTY OF NEW CASTLE:

SS,

      BE IT REMEMBERED THAT on this the  1  day of November, 2006, I, Joan T. Kloth mailed, certified registered postage prepaid, a copy of the <u>Rebuttal of Motion to Dismiss for Personal Jurisdiction and a Copy of the Response to the Response on Summary/Default Judgment</u> to Kevin Goldstein, counsel for Southern Christian University, now known as Regions University and it's Board of Directors, et.al.

Service was made upon:
Kevin Goldstein and Michael Migliore
300 Delaware Ave, Suite 800
Wilmington, DE 19801

Certified Registered Mail No. 7006 0810 0001 7049 4649

                                                                        Joan T. Kloth
                                                                        Plaintiff, Pro-Se
                                                                         37 Winter Haven Drive. Apt. 1
                                                                         Newark, DE 19702
                                                                         302-690-2626
                                                                         302-454-1318

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Goldstein & Slade et Al
Street, Apt. No.; or PO Box No. 300 Delaware Ave
City, State, ZIP+4: Wilmington, DE 19801

PS Form 3800, June 2002    See Reverse for Instructions

7006 0810 0001 7049 4649