IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN T. KLOTH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action 06-CV-244 (SLR) |
| | ) |
| SOUTHERN CHRISTIAN UNIVERSITY, | ) |
| BOARD OF DIRECTORS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## SOUTHERN CHRISTIAN'S REPLY IN FURTHER SUPPORT OF SOUTHERN CHRISTIAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Southern Christian University, and its Board of Directors, (collectively, "Southern Christian") submit this reply to address the Response by Plaintiff Joan T. Kloth to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 19, the "Response").

Plaintiff filed her Response in answer to Defendants' motion to dismiss for lack of personal jurisdiction and brief in support (D.I. 12 and 13, filed October 20, 2006, collectively the "Motion to Dismiss"). By way of background, Defendants filed their Motion to Dismiss in response to both Plaintiff's original complaint (D.I. 2) and her subsequently-filed motion to amend the original complaint (D.I. 11).[1]

*Argument*

Southern Christian recognizes that the United States Supreme Court has opined that a court is to read the pleadings of the Plaintiff, here a *pro se* party, in such a light so that

---

[1] Defendants note, that although Plaintiff filed her motion to amend the complaint on October 20, 2006, she has failed to provide Defendants with copies of the to-be-amended complaint and a black-line version of same that identifies the proposed amendments, as required by District Court Local Rule 15.1. As previously noted in the Motion to Dismiss, Defendants reserve all rights to respond to the merits of Plaintiff's original complaint and her amended complaint should this matter not be dismissed as requested under Defendants' motion.

Plaintiff's "inartfully drawn" pleadings are read to state a cause of action. However, as the Supreme Court has also articulated, and as Plaintiff's own citations set out, such assistance by a court to a *pro se* party is generally limited to assisting that *pro se* party in determining matters related to technical issues and *the relief that a pro se party seeks*. *See, e.g., Boag v. MacDougall,* 454 U.S. 364 (1982); *Voinche v. FBI,* 412 F. Supp.2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives *pro se* parties the benefit of the doubt and may ignore some *technical shortcomings of their filings*") (emphasis added) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *Calloway v. Brownlee,* 366 F. Supp.2d 43, 55 (D.D.C. 2005) (holding that the Court "must take pains to protect the rights of *pro se* parties against the *consequences of technical errors*") (emphasis added) (citing *Haines,* 404 U.S. at 520).

### 1. Plaintiff Has Failed to Establish Facts in Support of Personal Jurisdiction[2]

Notwithstanding this leeway provided to *pro se* parties with respect to technical errors, the law does not provide that Plaintiff is relieved of meeting her burden to present and establish facts in support of her allegations. In particular, Plaintiff, like any other litigant, has the burden of setting forth facts that would support the exercise of personal jurisdiction. *See, e.g., Overton v. U.S.,* 925 F.2d 1282 (10th Cir. 1991) (upholding dismissal of *pro se* plaintiff's complaint for failure of meeting his burden of producing facts in support of the exercise of personal jurisdiction); *Moore v. Lynch,* 793 F.2d 1292 (6th Cir. 1986) (upholding dismissal of complaint for lack of personal jurisdiction due to *pro se* plaintiff's failure to provide factual basis to support personal jurisdiction); *Browning v. Norwest Bank El Paso, N.A.,* 1999 WL 714173 (Aug. 31, 1999, D. Kan.) (same); *Harris v. Maritime Asbestosis Legal Clinic, Div. of Jacques*

---

[2] Because Defendants have challenged the Court's jurisdiction, Plaintiff bears the burden of establishing the existence of personal jurisdiction. Accordingly, Plaintiff was required, but has failed, to set forth specific facts showing that this Court has jurisdiction. *See, e.g., Steelcase, Inc., v. Mar-Mol Co., Inc.,* 210 F.Supp.2d 920, 924 (W.D. Mich. S.D. 2002).

# 558286 v.2

*Admiralty*, 1991 WL 2853 (Jan. 10, 1991, S.D.N.Y.) (the Court, in applying a standard of liberally reviewing a *pro se* plaintiff's pleadings, held that *pro se* plaintiff failed to meet its burden of setting forth facts to support personal jurisdiction).

The only apparent bases relied upon by Plaintiff in support of exercising personal jurisdiction over Defendants is her assertion, in her Response, that "... Plaintiff is a resident of the United States of America and the Defendant is operating under the Interstate Commerce Act." (Response, at 5). Unfortunately for Plaintiff, even looking at such assertions in a light most favorable to a *pro se* party, these assertions fall far short of meeting Plaintiff's burden to establish minimum contacts facts that would support the exercise of personal jurisdiction by this Court over Defendants.

## 2. **Plaintiff, at all Relevant Times, Was a Resident of Connecticut**

In her Response, Plaintiff has pointed to no substantial and specific allegations of any contacts by Southern Christian with Delaware, or any conduct or activities by Southern Christian with Delaware citizens, agencies or departments. Other than an allegation in her complaint that Plaintiff took two courses with Southern Christian University while allegedly residing in Delaware, and her limited corresponding with Southern Christian University in 2005 regarding her grievances and appeal process, Plaintiff's pleadings are lacking in allegations showing any personal jurisdictional basis for Defendants to be before this Court.[3]

With respect to Plaintiff's residence, it is important to consider that Plaintiff was when she started at Southern Christian, and continues today to be a citizen of Connecticut.[4]

---

[3] The full extent of Plaintiff's contacts with Delaware are that Plaintiff alleges that she took only two courses with Southern Christian after she allegedly moved to Delaware. Complaint ¶51. Plaintiff also acknowledges that she took at least 17 classes with Southern Christian while she resided, full time, in Connecticut and prior to her alleged move to Delaware. *See* Exh. I ("[I] live part-time in Delaware") and Exh. L to the Complaint. Finally, several months after allegedly moving to Delaware, in August 2005, Plaintiff dropped her enrollment at Southern Christian University.

[4] *See* White Aff.; Turner Aff.

Plaintiff's own pleadings show that as of July 20, 2005, well after her alleged move to Delaware, she acknowledged that she was still a citizen of and still resided in Southbury, Connecticut. (*See* Exhibit J to the Complaint). Moreover, even later on March 18, 2006, Plaintiff was still a citizen of and still resided in Southbury, Connecticut. (*See* Exhibit N to the Complaint).

Indeed, a search today of public records shows that Plaintiff does not have a public record residence address in Delaware, yet still has a residence in Southbury, Connecticut. As such, Plaintiff's allegations of being a citizen of Delaware are, at best suspect, and appear more likely, to be simply wrong. Of importance in this regard is the fact that Southern Christian had no information that Plaintiff was allegedly residing in Delaware at any time prior to the filing and service of Plaintiff's complaint. *See* Exh. A, White Aff. at 2.

Moreover, the reason that Plaintiff has failed to meet her burden of producing facts to support her allegations is simple – there are no facts that would support personal jurisdiction over the Defendants in Delaware. In particular, as set forth in detail in Defendants' Motion to Dismiss, most, if not all of the substantive acts complained of relating to Plaintiff's allegations of breach of contract or religious discrimination *occurred in Alabama or in Connecticut.*[5] Therefore, any alleged acts by Defendants transpired outside of Delaware.

### 3. Additional Evidence Against the Exercise of Personal Jurisdiction

Plaintiff has provided no response to the fact that Southern Christian has no substantial contacts with the State of Delaware, has no physical presence in Delaware, does not target advertising or recruitment to Delaware citizens or residents, and has no bank accounts or other financial interests in Delaware. In addition, there is no evidence that Southern Christian has availed itself of the business, education service opportunity, or the laws of Delaware.

---

[5] Southern Christian again notes that if this action were to proceed, more appropriate forums for this action would be either the State of Alabama, or Plaintiff's state of citizenship, Connecticut, where Plaintiff resided during the overwhelming majority of relevant time alleged by Plaintiff.

To the contrary, and as explained more fully in Southern Christian's Motion to Dismiss, the evidence indisputably shows that Southern Christian:

- is not incorporated in or organized under the laws of Delaware
- does not maintain any campuses or other places of business in Delaware
- does not hold any real or personal property in Delaware
- is not licensed to do business in Delaware
- does not have a designated registered agent for the service of process in Delaware
- does not have a telephone number in Delaware
- does not have a bank or brokerage account in Delaware
- does not have any employees, representatives or agents in Delaware
- does not offer its educational services specifically with Delaware citizens in mind
- has never sued in the Delaware courts, and until the commencement of this action, has never been sued in a Delaware court
- has directed its higher education marketing efforts to a national audience, and such marketing efforts are not targeted toward Delaware
- has not retained any third parties to promote or advertise Southern Christian's education services in Delaware

This uncontroverted evidence establishes that there is no basis for finding specific or general jurisdiction against Southern Christian.

### 4. The Southern Christian Website is Informational

In addition, the Southern Christian web site is substantially informational and is not commercial. Specifically, the Southern Christian website provides general public information that includes degree program descriptions, admissions information, and related academic information. This information is not intentionally directed to Delaware (or to any particular state), nor does the web site intentionally or knowingly direct the transacting of business to Delaware citizens. In short, the Southern Christian website does not provide the

requisite type of commercial contacts with Delaware, nor does it show any purposeful or knowing conducting of business in Delaware by directly targeting the web site to Delaware.

*Conclusion*

Accordingly, for the reasons presented above and in further support of Defendants' Motion to Dismiss and supporting brief, there are no facts that would support a claim that Southern Christian directed or targeted any of its educational activities towards, or performed any acts in Delaware that would rise to the level of substantial and continuous contacts necessary for the exercise of personal jurisdiction. The evidence establishes that Southern Christian's contacts, where any such contacts exist, are too random and fortuitous to establish either specific or general jurisdiction under Delaware's Long-Arm Statute. As such, the exercise of personal jurisdiction over Southern Christian does not comport with constitutional notions of due process.

**WHEREFORE**, Southern Christian respectfully requests that this Court grant Southern Christian's pending Motion to Dismiss for Lack of Personal Jurisdiction, and dismiss Plaintiff's original complaint for lack of personal jurisdiction over the Defendants, and find that Plaintiff's pending motion to amend its complaint is accordingly moot.

STRADLEY RONON STEVENS & YOUNG, LLP

November 7, 2006

*/s/ Michael P. Migliore*
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

Attorneys for Defendants,
Southern Christian University,
and its Board of Directors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Southern Christian's Reply in Further Support of Southern Christian's Motion to Dismiss for Lack of Personal Jurisdiction* was caused to be served on November 7, 2006, upon the below noted party at the record addresses noted for such party by first-class mail, postage pre-paid:

Joan T. Kloth
37 Winter Haven Drive
Apt 1
Newark, DE 19702

Joan T. Kloth
320 North Georges Hill Road
Southbury, CT 06488-2626

_____
Michael P. Migliore (DE Bar #4331)