UNITED STATES DISTRICT COURT

WILMINGTON, DE

CASE NO. 06-244-SLR

Joan T. Kloth                                                                                    PLAINTIFF

vs.

Southern Christian University;
   DEFENDANTS
Board of Directors;
et.al



RESPONSE TO REPLY IN FURTHER SUPPORT OF SOUTHERN CHRISTIAN'S
REPLY IN FURTHER SUPPORT OF SOUTHERN CHRISTIAN'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

The Plaintiff, Joan Kloth ("Appellant"), PRO SE, hereby is responding to the Defendant's reply in further support of their MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

1. The plaintiff has received the pleading of the defendant dated November 7, 2006 and reaffirms the content of the plaintiff's previous pleading in this matter.

2. As a matter of court record, Plaintiff reiterates and herewith provides proof that she resides in DE per her lease and a JP Court order in the Plaintiffs favor for possession of the same apartment. Dated: November 13, 2006

Respectfully submitted:

JOAN T. KLOTH
37 Winter Haven Drive, Apt. 1
Newark, DE 19702
Pro-Se

1

UNITED STATES DISTRICT COURT

AND FOR THE DISTRICT OF DELAWARE

CASE NO. 06-244-SLR

Joan T. Kloth                                                               PLAINTIFF

Vs.

Southern Christian University;                                   DEFENDANTS
Board of Directors, et.al

AFFIDAVIT OF SERVICE/CERTIFICATE OF SERVICE

STATE OF DELAWARE:

COUNTY OF NEW CASTLE:

SS,

  BE IT REMEMBERED THAT on this the 13th day of November, 2006, I, Joan T. Kloth mailed, certified registered postage prepaid, a copy of the a <u>Reply to Defendant's Further Support Of Motion to Dismiss for Lack of Personal Jurisdiction</u> to Kevin Goldstein and Michael Migliori, counsel for Southern Christian University, now known as Regions University and it's Board of Directors, et.al.

Service was made upon:
Kevin Goldstein and Michael Migliore
300 Delaware Ave, Suite 800
Wilmington, DE 19801

Certified Registered Mail No. 7002 3150 0004 2558 4125

                Joan T. Kloth
                Plaintiff, Pro-Se
                37 Winter Haven Drive. Apt. 1
                Newark, DE 19702
                302-690-2626
                302-454-1318

2



## CHELSEA
### on the Square
#### APARTMENTS

**896 ASSOCIATES, L.L.C.**
**RESIDENTIAL LEASE AGREEMENT**

**THE DATE OF THIS LEASE IS: 5/25/2005**

Landlord agrees to rent to Tenant the "Apartment" on the following terms and conditions:

1.  **PARTIES**
    a.  **LANDLORD:**   896 Associates, L.L.C. ("Landlord").
        **TENANT:**

| | | |
|---|---|---|
| Joan Kloth   Leaseholder | Co-Signer | Non-Occupant Leaseholder |
| Leaseholder | Co-Signer | Non-Occupant Leaseholder |
| Leaseholder | Co-Signer | Non-Occupant Leaseholder |
| Leaseholder | Co-Signer | Non-Occupant Leaseholder |

Leaseholder on a joint and several basis. Joint and several means that if one of the named Tenants breaches or defaults on the terms or conditions of this Lease Agreement, the other Tenant can be held solely responsible for all damages to Landlord.

c.  **OCCUPANTS:** Tenant and only the following listed occupants may occupy the unit:

Name:                         ▆▆ K▆
Date of Birth:                ▆'994
Relationship to Resident:     Daughter

Name:
Date of Birth:
Relationship to Resident:

Name:
Date of Birth:
Relationship to Resident:

2.  **TERM**
    Beginning **5/29/2005** and Ending **05/31/2006**. This Lease Agreement shall start on the beginning date and end on the ending date stated above.

3.  **ADDRESS OF APARTMENT**
    The unit which is being Leased by Tenant is Unit 37 Winterhaven Drive Apt.1, Newark, Delaware 19702 referred to herein as the "Unit" or the "Apartment".

4.  **RENT**
    Tenant is responsible for the following rental payments:

    | | |
    |---|---|
    | *First Month's pro-rated rent* | $75.00 |
    | *Monthly Rent* | $775.00 |
    | *Up-Front Pet Deposit* | 50.00 |
    | *Total Yearly Payment:* | $9,375.00 |

Tenant must pay rent to Landlord by the first (1st) day of every month at Management Office, 41 Winterhaven Drive, Newark, Delaware, 19702



**STATE OF DELAWARE**
## JUSTICE OF THE PEACE COURT NO. 13
1010 CONCORD AVENUE
CONCORD PROFESSIONAL CENTER
WILMINGTON, DELAWARE 19802

TELEPHONE: (302) 577-2550

PLAINTIFF
Joan Kloth
c/o Mark Minuti, Esq.
222 Delaware Ave, Suite 1200
P.O. Box 1266
Wilmington, De. 19899

v.    CIVIL ACTION: J0605000812

DEFENDANT
896 Associates LLC
c/o David Felice, Esq.
1201 N. Market Street, Suite 1400
Wilmington, De 19801

### ORDER

July 17, 2006. Trial de novo heard. Both parties present and represented by counsel. Plaintiff Joan Kloth, who is the tenant, filed action pursuant 25 Del C. § 5516 for retaliatory eviction, seeking monetary damages and to remain in possession of the rental unit. Defendant 896 Associates LLC, who is the landlord of Chelsea On The Square, filed a counterclaim for possession based on a non-renewal of the lease.

Ms. Kloth presented to the Court a lease agreement she signed with 896 Associates LLC that would begin May 29, 2005 and ended May 31, 2006. There was also an addendum to the lease, signed by both parties that changed the term of the lease from one year to thirteen months. This caused the lease to terminate June 30, 2006. However, on or about June 15th the tenant signed a month-to-month lease agreement. Despite Plaintiff's immediate request that she be given a copy of the new month-to-month agreement, it was not provided for several months.

Ms. Kloth testified that she was not allowed to see the actual apartment she would be occupying prior to signing of the lease. Because she had traveled a distance and incurred substantial moving expenses, she agreed to take the rental unit sight unseen. She further testified about her disappointment with the condition of the apartment she had been given. It was not the newly renovated apartment that had been advertised by the

(2)

landlord. From the very beginning of her tenancy, she requested the landlord make needed repairs to the unit.

After several attempts to get the landlord to address conditions in the rental unit, Ms. Kloth decided to contact NCC Office of Code Enforcement. On or about

September 28, 2005, Plaintiff filed a complaint with the County. An inspection was performed and the landlord was cited with several violations. Some violations were to be corrected immediately, while others were to be corrected within 7 days. A re-inspection was performed on or about September 28, 2005 and the unit was cleared of all violations.

However, between October 9, 2005 and January 30, 2006, Ms. Kloth sent numerous e-mail messages to the landlord with complaints about a leaking bathroom shower, kitchen and bathroom ceiling leaks, safety bar replacement on the sliding door, faulty toilet and strong chlorine smell in her water. On November 11, 2006 Plaintiff's attorney sent a letter to the landlord conveying Ms. Kloth's feeling that she was the victim of a "bait and switch" by Chelsea On the Square. In that letter, he described her kitchen as having old decaying cabinets with warped doors, stained linoleum, an old sink that was stained and an oven that slanted making it difficult to cook. He described the bathroom as a powder room with a shower stall that also slanted. With these and other problems experienced by Ms. Kloth, this apartment did not seem to meet the standard that one would expect for a newly renovated apartment.

On February 21, 2006, 896 Associates sent Ms. Kloth a 60-day notice of non-renewal informing the tenant to vacate the rental property by May 31, 2006. The letter stated in part:

"Either party may end the lease at the end of the Term or any renewal term by written notice. Landlord or Tenant must receive notice at lease 60 days before the end of the Term."

In a letter dated March 23, 2006, Plaintiff's attorney acknowledged receipt of the notice and also informed the landlord that he believed this notice was in retaliation of the November 11th letter. On June 6, 2006, the Court below made a finding that the lease terminated June 30, 2006, not May 31st. 896 Associates LLC did not challenge this finding at the trial de novo. Instead, the landlord was allowed to amend its counterclaim for possession as of June 30, 2006. A new notice of termination was sent to the tenant, requesting her to vacate the rental unit by that date.

The Court finds the landlord's action to terminate the lease to be within 90 days of the tenant's complaints, in violation of 25 Del. C. § 5516 (a). The complaints were more than cosmetic and did have substance. Even though the landlord's letter of non-renewal would have been permissible under normal circumstances, it is not a defense here given the facts before the Court. Accordingly, the Court awards judgment to Plaintiff Jean Kloth for $2,250.00 plus $30.00 courts costs. On the counterclaim, the

(3)

Court denies possession to Defendant 896 Associates LLC, and awards judgment to the Plaintiff as well.

IT IS SO ORDERED this 15th day of August, 2006.

*/signature/*
Bonita N. Lee
Deputy Chief Magistrate for NCC

*/signature/*
Katharine B. Ross
Justice of the Peace

*/signature/*
Vernon Taylor
Justice of the Peace