

Joan T. Kloth
320 North George's Hill Road
Southbury, CT 06488
203-267-7801

September 5, 2007

Judge Susan L. Robinson
844 North King Street, Rm 4209
Wilmington DE 19801

RE: CASE NO. 06-244-SLR

Dear Judge Robinson:

Because of the importance of further showing it is correct for the Court to have jurisdiction and in respect of Your Honor's busy schedule, I elected not to send this letter directly to Your Honor that would have been attach to my Apeals Informal Brief. I further would like to apologize for any confusion or misinformation that is making this case more exhausting than necessary.

Thus in further support of my Motion for Reconsideration, the defendant's interactive web site is the basis for delivery of its product - educational services. By using the web this way, the defendant chose to deliver its product, and so to do business, in each forum where its students were physically located. By doing it repeatedly, defendant purposefully availed itself of each forum. In fact, defendant was indifferent of which forum it was operating in and chose to proceed anyway. Thus, it is inconsequential whether defendant knew it was operating in, and delivering product in, any specific jurisdiction. Regardless, by calling Plaintiff in DE, the defendant had, or could have had, actual knowledge that it was delivering it's product, educational services, and therefore doing business, in DE . Under these circumstances, the judgment should be vacated, jurisdiction should be taken as established, and plaintiff allowed to prove the facts alleged.

As to the defendant's claims about my trying to shut them down, though this is a bit over top on their part thinking that I have this kind of power, it would also be counter-productive for me and hurt all those students now attending SCU/RU because all of our work would be thrown out as acceptable for getting a degree as the school would loose it credentials and standing.

The reality is that after what they did to the one woman who tried to help me by supervising me on any clients I could find on my own, I am not sure I would take that chance that they would try to do this again to someone else who offered to supervise me. You see, my professor literally tried to make this supervisor loose her license in CT by claiming that she was practicing without a license when the truth was that she had sent in

her renewal but it got lost in the mail and she had to cancel the check and resend it. The state said no problem, but my professor was trying to find a way to impede my case against them through her and told the state he wanted her investigated. The state went back to this supervisor asking her if she had charged me for supervision, to which she told them, no. The state told the school that it was a mute point because she had not charged me and thus had done it on a volunteer basis. My professor still did not care and pushed the state to continue their investigation of her. So the state went back to her and asked her if she was under the supervision of someone else when she was working with me, and she said, yes, the school and my professor. At this point, I think my professor realized if he kept on that he would be the one in trouble, not her. In addition to this situation, another student in my class was approved for a site by this professor. She did her first clinical training and he then turned around and told her that he decided not to accept this site after she had just wasted a semester there and forced her to repeat the semester along with pay for another semesters course. So I would not even consider finishing through SCU for fear of what they will continue to do to me or anyone else who tries to help me.

I hope this gives you a bit more understanding of where and how this case developed to the situation that it is presently at.

Regards,

John T. Kloth



Klahn
320 North Georges Hill
Southbury CT. 06488

STRATFORD CT 065
12 SEP 2007 PM 2 T

S.L. Robinson
District Court.
844 North King St. Box 4209
Wilmington, DE. 19801