UNITED STATES DISTRICT COURT

AND FOR THE DISTRICT OF DELAWARE



CASE NO. 06-244-SLR

Joan T. Kloth                                                      APPELLANT/PLAINTIFF

Vs.

Southern Christian University;                         APPELLEE/DEFENDANTS
Board of Directors, et.al

### Motion for Reconsideration of Summary/Default Judgment

State of Delaware:
County of New Castle:
SS,

   I, Joan T. Kloth, Plaintiff, respectfully request the reconsideration of the dismissal of my case against Southern Christian University, now known as Regions University and hereafter referred to as SCU based on the following facts:

1) Defendant did not answer the original complaint in a timely fashion and as such should not have been allowed to file a Motion for Jurisdiction, outside of the legal time limits allowed by the District Court of Wilmington, DE (Possibly Rule 12). Plaintiff was only required by law to give the Defendant 20 days to answer the original complaint but waited 89 days before filing her Motion for Summary/Default Judgment. By the laws of DE, defendant was outside of the legal filing time by 2 months. Thus Jurisdiction should not have been an issue in this case, as it was filed in an untimely matter and thus only their untimely non-

1

answering of the original complaint should have been an issue, which they never did bring up either.

    a) On April 12, 2006, Plaintiff, Joan T. Kloth, filed a lawsuit against Southern Christian University and it's Board of Directors.

    b) On June 5, 2006, the Plaintiff filed for service of the lawsuit against the plaintiff in District Court, located at 844 North Kings Street in Wilmington, DE.

    c) On July 28' 2006, the Defendant was served with the lawsuit papers and accordingly had till August 17, 2006 to answer. At the very most, the courts would permit 30 days to answer. Rule:12 of the Civil Rules governing the court of District Court.

    d) It is now October 4, 2006. It is obvious that the defendant has no intention of filing a timely answer as a full 69 days has now transpired and no extension of time was requested.

    e) The defendant is neither an infant, child nor minor and is not incompetent, disabled or otherwise impaired.

    f) The relief requested is for the same amount of the amended lawsuit, which included all interest on the student loans and no more.

2) Furthermore, Appellant/Plaintiff paid the required tuition fees (amounting to approximately $59,000) via student loans in good faith and SCU accepted this tuition, which would indicate a contract between the school and the student whether it be in the actual classroom or via distance learning, which would include Internet participation, phone call, or attendance via the Internet. In addition, accreditation requires support structures and resources to allow for the total growth and development of its students to complement all school programs. In this case, the defendant failed to allow for this when it denied the Plaintiff desperately needed assistance in finding a clinical training site to complete her degree.

WHEREFORE, the Plaintiff respectfully requests that the Court rule in the plaintiff's favor finding the Defendant

1) Outside of the legal time limits to file an Answer or any other Motion pertaining to the Case including Plaintiff's Motion for Summary/Default Judgment

2) Can be held accountable under the Jurisdiction of Delaware (See Prior Motion on for Reconsideration on Jurisdiction).

3) And in Breach of the contract to provide the Plaintiff with a complete education.

Furthermore, Plaintiff requests this Court order the Defendant to pay all costs, including court costs, attorney's fees for the bringing of this motion. In addition, this will include the following:

a) $60,000 in student loans and all interest incurred for a degree Plaintiff is unable to obtain.

b) Their impediment of Plaintiff's opportunity to obtain a degree, which would have lead to her Licensure as a therapist. This impediment cost the Plaintiff a livelihood and lost income over the next 30 years calculated at a part-time rate of $60 per hour for a minimum monetary loss of $2,000,000.

c) Plaintiff also incurred and continues to incur emotional damages and financial damages from the devastation incurred in trying to find a clinical training site to complete her degree.

3

Wherefore Plaintiff requests the courts find in Plaintiffs favor for $2,060,000 plus all other costs incurred and interest on student loans along with any other such relief as the Court may deem the plaintiff is entitled to.

Respectfully submitted:

*[signature]*

JOAN T. KLOTH
320 North George's Hill Road
Southbury, CT 06488
Pro-Se          9-20-07

4

**CERTIFICATION of MAILING**

This is to certify that a copy of the foregoing was sent on this 20 day of Sept., 200 7 to all defendants as follows:

Southern Christian University
And it's Board of Directors
C/O Kevin Goldstein
300 Delaware Ave, Suite 800
Wilmington, DE 19801

　　　　　　　　　　　　　　　　　　　　　　　Joan T. Kloth
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff, Pro-Se

Robyn
330 North George's Hill
Southbury CT. 06488

US. District Court
844 North King St. Rm 4209
Wilmington DE 19801

