IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAN T. KLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-CV-244 (SLR) |
| | ) | |
| SOUTHERN CHRISTIAN UNIVERSITY, BOARD OF DIRECTORS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSIVE BRIEF OF SOUTHERN CHRISTIAN UNIVERSITY
IN OPPOSITION TO LATE FILED SECOND
<u>MOTION FOR RECONSIDERATION OF PLAINTIFF KLOTH</u>**

 

STRADLEY RONON STEVENS & YOUNG, LLP
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

October 12, 2007

Attorneys for Defendants
Southern Christian University,
Board of Directors, *et al.*

# 689466 v.1

# **TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................................. ii

Nature and Stage of the Proceeding ......................................................................................... 1

Summary of Arguments by Southern Christian ....................................................................... 3

Introduction .............................................................................................................................. 4

Statement of Facts .................................................................................................................... 5

      A.     The Court's Memorandum Opinion and Order ............................................... 5

      B.     Kloth's Second Motion for Reconsideration .................................................... 6

Argument ................................................................................................................................. 6

I.     Plaintiff Kloth Again Provides No Basis To Reconsider The Decision
Of the Court To Dismiss This Action For Lack Of Personal Jurisdiction ................... 6

      A.     Kloth Fails To Identify Any ChangeTo The Controlling Law, or New
Controlling Law, Or New Or Changed Facts, Or To Identify Any Clear
Error Of Law, Or Any Need To Prevent Manifest Injustice ........................... 6

      B.     Kloth's Second Motion For Reconsideration Was Filed Well Outside Of The
Allowed Time Period For Such Motions ....................................................... 7

Conclusion ................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Max's Seafood Café v. Ouinteros, 176 F.3d 669 (3d Cir. 1999) .................................................. 3

**Statutes**

Fed. R. Civ. P. 59 ............................................................................................................... 3, 6, 7

Local Rule 7.1.5 ..................................................................................................................... 3

# 689466 v.1

## **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Joan Kloth ("Kloth"), a citizen of and currently residing in the State of Connecticut, filed a complaint with this Court on April 24, 2006 (D.I. 2), against Southern Christian University (now known as Regions University) and its Board of Directors (collectively referred to herein as "Southern Christian"). On October 5, 2006, Kloth filed an apparent Motion for Summary Judgment (D.I. 8).

Thereafter, on October 20, 2006, Kloth filed an Amended Complaint, captioned as a motion to amend (D.I. 11). On that same date, October 20, 2006, Southern Christian filed its Motion and supporting Brief to Dismiss the complaint for lack of personal jurisdiction (D.I. 12, 13). Southern Christian also filed on October 20, 2006, its response to the Kloth Motion for Summary Judgment (D.I. 14). On October 25, 2006, Southern Christian filed its Response to the Kloth Amended Complaint (D.I. 17).

On November 1, 2006, Kloth filed her Answering Brief in opposition to the Southern Christian Motion to Dismiss (D.I. 19), and filed her Reply Brief (D.I. 20) relating to her previously filed Motion for Summary Judgment.

Thereafter, on November 7, 2006, Southern Christian filed its Reply Brief (D.I. 21) in further support of its prior Motion to Dismiss for lack of personal jurisdiction.

On November 15, 2006, Kloth filed a letter to the Court advising why she had withheld evidence regarding her alleged residency in Delaware (D.I. 22), and filed a purported response to Southern Christian's Reply Brief (D.I. 23).

Less than three weeks later, on December 4, 2006, Kloth advised the Court that she was moving to her home in Connecticut at the same address that has always been of record with Southern Christian (D.I. 24).

On July 16, 2007, the Court entered its Memorandum Opinion and Order dismissing Kloth's Complaint against Southern Christian for lack of personal jurisdiction over Southern Christian (D.I. 28 and 29).

On July 26, 2007, Kloth filed a Motion requesting additional time to file a motion for reconsideration (D.I. 30), which the Court granted on August 2, 2007 (D.I. 31).

On August 7, 2007, Kloth simultaneously filed her first Motion for Reconsideration (D.I. 32) along with a Notice of Appeal to the Third Circuit Court of Appeals (D.I. 33). On August 8, 2007, the Clerk entered the Notice of Docketing of Record of Appeal to the Third Circuit (D.I. 34).

On August 21, 2007, Southern Christian filed its response (D.I. 40) in opposition to the first Motion for Reconsideration of Kloth.

Thereafter, and without any request by Kloth to the Court seeking to expand the time within which to file a second motion for reconsideration, on September 27, 2007, Kloth filed her *second* Motion for Reconsideration (D.I. 44). The filing of the second motion for reconsideration was undertaken more than 60 days after the entry of the July 16, 2007 court order dismissing Kloth's complaint, and more than 6 weeks after Kloth filed her initial motion for reconsideration.

This is Southern Christian's Responsive Brief in Opposition to the Second Motion for Reconsideration filed by Kloth.

## SUMMARY OF ARGUMENTS BY SOUTHERN CHRISTIAN

1.    Fed. R. Civ. P. 59(e) and Local Rule 7.1.5 provide that a motion for reconsideration, re-argument, or to alter or amend a judgment "shall be filed within 10 days after the Court enters its opinion or decision." The Court entered its Memorandum Opinion dismissing Kloth's complaint on July 16, 2007. Kloth has filed her pending second motion for reconsideration on September 27, 2007, or more than 60 days after the entry of the Court's dismissal motion. Kloth's second motion for reconsideration should be dismissed as being late and untimely.

2.    As argued in response to the first motion for reconsideration of Kloth, a motion of reconsideration shall be granted only if there is (a) a change in the controlling law; (b) newly available evidence; or (c) the need to correct a clear error of law or fact, or to prevent manifest injustice. *Max's Seafood Café v. Ouinteros*, 176 F.3d 669, 677 (3d. Cir. 1999). Kloth's second motion should be denied because she has failed in her second motion, as she did in her first motion, to identify: (a) any change in the controlling law; (b) any newly available evidence (that was not readily available to Kloth previously); or (c) an error of law or relevant fact, and manifest injustice relating to the Court's Memorandum Opinion and Order. Plaintiff Kloth's second motion for reconsideration does no more than set forth a portion of the procedure of this matter, and then restate her complaint in summary fashion. These are plainly not bases or reasons for reconsideration of the Court's well-reasoned and thorough analysis and decision.

## INTRODUCTION

Plaintiff Joan T. Kloth ("Kloth"), a citizen and resident of the State of Connecticut, sued defendants Southern Christian University[1], and its Board of Directors or more properly its Board of Regents (collectively referred to herein as "Southern Christian"), in the U.S. District Court for the District of Delaware, alleging breach of an implied contract (to provide a "complete education") and alleging certain religious discrimination. Plaintiff did not provide in her complaint any reasoned basis for this Court to exercise personal jurisdiction over the defendants other than plaintiff's allegations that she was located in Newark, Delaware on a part-time and temporary basis for a brief amount of time. As Southern Christian does not now, nor has it ever had anything more than extremely tenuous contacts with the State of Delaware, Southern Christian properly moved this Court to dismiss this action based upon lack of personal jurisdiction over Southern Christian.

The Court thoroughly reviewed all evidence and information submitted by plaintiff and defendants, and properly dismissed plaintiff's complaint for lack of personal jurisdiction over defendants. (D.I. 28 and 29). Plaintiff has now moved the Court twice, once by a motion filed August 7, 2007, and later by a motion filed September 27, 2007, to reconsider its reasoned analysis and decision. Plaintiff has however failed in either of her two motions to cite or point to any: (a) change in the controlling law (because there is no such change in the law); (b) change in the underlying or new relevant facts (because there are no such new or changes in the relevant facts); and (c) error in law or fact made by the Court in its well-reasoned analysis.

---

[1] Southern Christian University has been renamed as Regions University. For purposes of this brief, defendants will collectively be referred to herein as "Southern Christian." Southern Christian, and the Board of Directors are citizens of the States of Alabama, Georgia or Tennessee.

4

Indeed, upon critical review, all that plaintiff does in both of her two motions is to re-argue the same allegations and arguments she previously submitted. The law is clear: a motion for reconsideration is not a vehicle for a party to reargue points already raised by the parties and duly considered by the court. Plaintiff's first Motion largely contains a series of re-statements of certain of the findings of the Court, each followed by Kloth's unsupported conclusion that the Court got it wrong. Unfortunately for Ms. Kloth, the Court did not get it wrong. Simply stated, there is no basis for personal jurisdiction over the defendants in Delaware. The mere fact that plaintiff does not agree with the reasoned conclusions of the Court does not warrant the granting of a motion for reconsideration.

Similarly, Kloth's second motion for reconsideration does no more than restate certain procedure relating to this case, and restate her request for certain damages as alleged in her original and later amended complaints. Nowhere in either her first or her second motions has Kloth identified any change in the controlling law, any change in the underlying facts or new relevant facts, or any error in law or fact as provided by the Court in its analysis and decision. Accordingly, the Court should deny plaintiff's second (and first) motion for reconsideration.

## STATEMENT OF FACTS

### A.  The Court's Memorandum Opinion and Order

In the July 16, 2007 Memorandum Opinion ("Memo Opinion"), the Court thoroughly acknowledged and cited the relevant allegations and facts as presented by both Kloth and Southern Christian, and then reached a well-reasoned and correct decision to dismiss this action due to the lack of personal jurisdiction over defendants. (*See* Memo Opinion). Defendants have already provided the Court with their recitation of the relevant facts, and do not wish to burden the Court with a repeat of those facts, which defendants note have not changed. Accordingly, defendants reference and incorporate their previous statement of facts as provided

in Defendants Response in Opposition to Plaintiff's [First] Motion for Reconsideration, docketed at D.I. 40.

### B. Kloth's Second Motion for Reconsideration

Kloth's second Motion for Reconsideration provides three pages summarizing her view of the procedure in this matter, and then restates the relief requested as set forth in her original complaint (D.I. 2) and in her amended complaint (D.I. 11). What is missing from Kloth's second Motion, and indeed is also missing from her first Motion, is any reasoned argument or evidence showing (a) any change in the controlling law, (b) any change in the underlying facts or any new relevant facts, or (c) any error in law or fact as presented in the Court's Memo Opinion. Such absence of any such argument or evidence is fatal to Kloth's motions for reconsideration.

## ARGUMENT

### I. PLAINTIFF KLOTH AGAIN PROVIDES NO BASIS TO RECONSIDER THE DECISION OF THE COURT TO DISMISS THIS ACTION FOR LACK OF PERSONAL JURISDICTION

#### A. Kloth Fails To Identify Any Change To The Controlling Law, or New Controlling Law, Or New Or Changed Facts, Or To Identify Any Clear Error Of Law, Or Any Need To Prevent Manifest Injustice

Defendants have already provided the Court with their presentation of the relevant legal standard for a motion for reconsideration under Fed.R.Civ.P. 59, and their statement regarding the arguments of plaintiff Kloth presented in her first motion for reconsideration. Defendants do not wish to burden the Court with a repeat of that presentation. Accordingly, defendants incorporate their prior presentation of the relevant legal standards as set forth in Defendants Response in Opposition to Plaintiff's [First] Motion for Reconsideration, docketed at D.I. 40.

Plaintiff Kloth's second motion for reconsideration does no more than set forth a portion of the procedure of this matter, and then restate her complaint in summary fashion. Such argument, is devoid of any reference or citation to any change in the controlling law or new controlling law, or new or changed facts. Moreover, in addition to failing to identify any new or changed facts, or new or changes to controlling law, plaintiff Kloth does not present in her second motion for reconsideration any clear error of law or clear error of fact that may be present in the Memo Opinion or the need to prevent manifest injustice resulting from the Memo Opinion and Order.

As argued in defendants' response in opposition to Kloth's first motion for reconsideration, which such arguments are referenced and incorporated for the purposes of this opposition, without such evidence or information, there is no basis to reconsider the well-reasoned decision of the Court. For these reasons alone, Kloth's second motion (as well as her first motion) for reconsideration must be denied.

B.  **Kloth's Second Motion For Reconsideration Was Filed Well Outside Of The Allowed Time Period For Such Motions**

With respect to the timing of plaintiff's second motion for reconsideration, defendants note that Rule 59(e) of the Federal Rules of Civil Procedure provides that the allotted time within which a motion for reconsideration shall be filed is "no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The Court entered its dismissal order on July 16, 2007. Kloth did not file her second motion for reconsideration until September 27, 2007, which is well outside of the allowed 10 day time period that commenced on July 16. Moreover, Kloth did not seek any leave of the Court to expand the time period within which she could file a second motion for reconsideration, which she did prior to filing her first motion for reconsideration. Accordingly, Kloth's second motion for reconsideration should be denied as being untimely.

With these standards and principles in view, there is no question but that plaintiff's second Motion for Reconsideration, and her first Motion for Reconsideration, should both be denied. Plaintiff's second motion for reconsideration has been filed well outside of the allowed time period within which to seek such relief, and once again (as in her first motion for reconsideration) points to no change in any law, let alone controlling law; points to no new or changed facts relevant to the issue of personal jurisdiction; and identifies no clear error of law or fact within the Court's Memo Opinion, or identifies any manifest injustice resulting from the granting of Southern Christian's Motion to Dismiss. In summary, there are simply no reasoned facts to support the exercise of personal jurisdiction over Southern Christian that in any way comport with the constitutional notions of due process.

## CONCLUSION

For the foregoing reasons, as further detailed and argued in defendants Southern Christian Response in Opposition to the first Motion for Reconsideration of plaintiff, Southern Christian respectfully request that the Court deny the second Motion of plaintiff Kloth seeking reconsideration of the Court's Memorandum Opinion and Order, and grant such other relief as the Court may deem fair and just.

October 12, 2007

STRADLEY RONON STEVENS & YOUNG, LLP

Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

Attorneys for Defendants
Southern Christian University,
and its Board of Directors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Responsive Brief of Southern Christian University in Opposition to the Late Filed Second Motion For Reconsideration of Plaintiff Kloth* was caused to be served on October 12, 2007 upon the below noted *pro se* party and address by first-class mail, postage pre-paid:

Joan T. Kloth
320 North Georges Hill Road
Southbury, CT 06488-2626

_____
Kevin W. Goldstein

# 689466 v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAN T. KLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-CV-244 (SLR) |
| | ) | |
| SOUTHERN CHRISTIAN UNIVERSITY, | ) | |
| BOARD OF DIRECTORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this ____ day of October 2007, this Court having considered the second Motion for Reconsideration of plaintiff Kloth (the "Motion"), the responsive brief in opposition of defendants Southern Christian University and its Board of Directors (collectively "Southern Christian"), and any argument of counsel;

IT IS HEREBY ORDERED, that the Motion of plaintiff is DENIED. This matter is hereby dismissed with prejudice.

_____
The Honorable Sue L. Robinson
United States District Court

# 693304 v. 1