UNITED STATES DISTRICT COURT

AND FOR THE DISTRICT OF DELAWARE



CASE NO. 06-244-SLR

Joan T. Kloth                                APPELLANT/PLAINTIFF

Vs.

Southern Christian University;              APPELLEE/DEFENDANTS

Board of Directors, et.al

### Response to Defendant's Brief concerning Plaintiff's Motion for Reconsideration of Summary/Default Judgment

State of Delaware:

County of New Castle:

SS,

I, Joan T. Kloth, Plaintiff, respectfully request the reconsideration of the dismissal of my case against Southern Christian University, now known as Regions University and hereafter referred to as SCU based on the following facts:

1) Plaintiff is pro-se and believed that with her original Motion for Reconsideration of Jurisdiction that this would include the Dismissal of her Summary/Default Judgment as it was dismissed as mute because of the jurisdiction. But to make sure she was covered, Plaintiff filed an additional Motion for Reconsideration on the Summary/Default Judgment, just in case she had been wrongly advised and had improperly interpreted the laws concerning this part of the original Motion for Reconsideration on the Jurisdiction. Plaintiff also asked and was granted an

1

extension of time to file a Motion for Reconsideration and Plaintiff thought this additional Motion was still within that time frame of the extension of time.

2) In addition, Defendant did not answer the original complaint in a timely fashion, and yet was allowed to file, 69 days out of time, for a Motion for Lack of Jurisdiction. Thus, if Plaintiff has accidentally filed a few weeks past the extension of time that was allowed, Plaintiff should be afforded this same legal care and consideration to have her Motion for Reconsideration on the Summary/Default Judgment accepted by the courts as the Defendant was allowed when they ignored the original complaint and filed 69 days later for a Motion concerning lack of Jurisdiction.

3) In fact, Defendant did not answer the original complaint in a timely fashion and as such should not have been allowed to file a Motion for Jurisdiction, outside of the legal time limits allowed by the District Court of Wilmington, DE (Possibly Rule 12). Basically, Civil Procedure Rule 12 states that a defendant's answer to an original request must be filed with the Court within 20 days of service of the original complaint. Thus this situation of the defendant not responding to the original complaint in a timely manner and then instead was allowed to file out to time a Motion for Lack of jurisdiction, Plaintiff would not be filing for Reconsideration Motions based on violations of Civil Procedure Rule 12 in the first place. Plaintiff was only required by law to give the Defendant 20 days to answer the original complaint but waited 89 days trying to do what she thought would be the nice and right thing to do before filing her Motion for Summary/Default Judgment. By the laws of DE, defendant was outside of the legal filing time by more than 2 months. Thus their Motion for Lack of Jurisdiction should not have been an issue in this case, as it was filed in an untimely manner and thus only their untimely non-answering of the original complaint should have been an issue. Furthermore, the defendant has never answered the original complaint nor ever addressed this issue of their untimely answering.

a) On April 12, 2006, Plaintiff, Joan T. Kloth, filed a lawsuit against Southern Christian University and it's Board of Directors.

b) On June 5, 2006, the Plaintiff filed for service of the lawsuit against the plaintiff in District Court, located at 844 North Kings Street in Wilmington, DE.

c) On July 28' 2006, the Defendant was served with the lawsuit papers and accordingly had till August 17, 2006 to answer. At the very most, the courts would permit 30 days to answer. Rule:12 of the Civil Rules governing the court of District Court.

d) It is now October 4, 2006. It is obvious the defendant has no intention of filing a timely answer as 69 days has now transpired and no extension of time was requested.

e) The defendant is neither an infant, child nor minor and is not incompetent, disabled or otherwise impaired.

f) The relief requested is for the same amount of the amended lawsuit, which included all interest on the student loans and no more.

4) Furthermore, Appellant/Plaintiff paid the required tuition fees (amounting to approximately $59,000) via student loans in good faith and SCU accepted this tuition, which would indicate a contract between the school and the student whether it be in the actual classroom or via distance learning, which would include Internet participation, phone call, or attendance via the Internet. In addition, accreditation requires support structures and resources to allow for the total growth and development of its students to complement all school programs. In this case, the defendant failed to allow for this when it denied the Plaintiff desperately needed assistance in finding a clinical training site to complete her degree.

3

WHEREFORE, the Plaintiff respectfully requests that the Court rule in the plaintiff's favor finding the Defendant

1) Outside of the legal time limits to file an Answer or any other Motion pertaining to the Case including Plaintiff's Motion for Summary/Default Judgment

2) Can be held accountable under the Jurisdiction of Delaware (See Prior Motion on for Reconsideration on Jurisdiction).

3) And in Breach of the contract to provide the Plaintiff with a complete education.

Furthermore, Plaintiff requests this Court order the Defendant to pay all costs, including court costs, attorney's fees for the bringing of this motion. In addition, this will include the following:

a) $60,000 in student loans and all interest incurred for a degree Plaintiff is unable to obtain.

b) Their impediment of Plaintiff's opportunity to obtain a degree, which would have lead to her Licensure as a therapist. This impediment cost the Plaintiff a livelihood and lost income over the next 30 years calculated at a part-time rate of $60 per hour for a minimum monetary loss of $2,000,000.

c) Plaintiff also incurred and continues to incur emotional damages and financial damages from the devastation incurred in trying to find a clinical training site to complete her degree.

## CERTIFICATION of MAILING

This is to certify that a copy of the foregoing was sent on this 18 day of Oct., 200 7 to all defendants as follows:

Southern Christian University
And it's Board of Directors
C/O Kevin Goldstein
300 Delaware Ave, Suite 800
Wilmington, DE 19801

Joan T. Kloth
Plaintiff, Pro-Se

Wherefore Plaintiff requests the courts find in Plaintiffs favor for $2,060,000 plus all other costs incurred and interest on student loans along with any other such relief as the Court may deem the plaintiff is entitled to.

                                                Respectfully submitted:

                                                _____
                                                JOAN T. KLOTH
                                                320 North George's Hill Road
                                                Southbury, CT 06488
                                                Pro-Se

                                                10-17-07

Kieth
320 No. Georges Hill
Southbury CT. 06488

District court/east clerk for SLR
844 North Kings St. Rm 4209
Wilmington, DE. 19801

U.S. POSTAGE PAID
EAST BERLIN, CT 06023
OCT 18, 07
AMOUNT $1.14
0000 19801
00082258-09

U.S.M.S.
X-RAY