*CA 06-244 SLR*

IN THE SUPREME COURT OF THE STATE OF DELAWARE



Joan T. Kloth
PLAINTIFF, Below,
Appellant,

October 19, 2007

v.

Case. No. 07-3376

Southern Christian University, Board of
Directors, et. al
Now, known as Regions University
Defendant, Below,
Appellee.

### NOTICE OF APPEAL TO BE HELD AFTER DISTRICT COURTS DENIAL OF RECONSIDERATION ON MOTIONS FOR LACK OF JURISDICTION AND DISMISSAL OF SUMMARY/DEFAULT JUDGMENT and NOTICE TO AMEND ORIGINAL APPEAL ON RECONSIDERATION MOTION FOR LACK OF JURISDICTION TO INCLUDE AN APPEAL ON THE MOTION OF THE DISMISSAL OF SUMMARY/DEFAULT JUDGMENT

This is to notify the courts that the above mentioned case is to be officially posted for the Appeals Court and to be amended to include the recently filed Motion for Reconsideration on the Dismissal of the Summary/Default Judgment.  This second motion for Reconsideration of the Dismissal of Summary/Default Judgment was filed because Plaintiff/Appellant was not sure if the original Motion for Reconsideration on the Lack of Jurisdiction would automatically include the Dismissal of the Summary/Default Judgment even though this Dismissal was solely based on the Lack of Jurisdiction Motion which was approved.

Attorney for N/A.
Joan T. Kloth, Below-Appellant
Plaintiff/Appellant is pro-se.

Dated: 10-19-07

RECEIVED
OCT 26 2007
U.S. C.A. 3rd

RECEIVED
OCT 07
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

RECEIVE

OCT 26 2007

Joan T. Kloth
PLAINTIFF, Below,
Appellant,

October 19, 2007

v.

Case. No. 07-3376

Southern Christian University, Board of
Directors, et. al
Now, known as Regions University
Defendant, Below,
Appellee.

---

This is a notice to the Appeals court that the Appellant is so financially devastated by this case and the situation the defendant has inflicted upon the Appellant, that Appellant can no longer afford Mailing fees that are beyond a regular stamp price. In other words, Appellant cannot afford to send more than one copy of any information to the courts as she has no money to pay for it with. Appellant is now applying to her local town and government for energy assistance, food, and medical care and cannot afford the cost of anything more than a single stamp as she has a minor child to care for.

Dated: 10-19-07

Attorney for N/A.
Joan T. Kloth, Below-Appellant
Plaintiff/Appellant is pro-se.



RECEIVED

OCT 30 2007

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOAN T. KLOTH,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   Civ. No. 06-244-SLR
                                        )
SOUTHERN CHRISTIAN UNIVERSITY,          )
BOARD OF DIRECTORS,                     )
                                        )
            Defendants.                 )

## MEMORANDUM ORDER

At Wilmington this 17 day of October, 2007, having reviewed plaintiff Kloth's

motions for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motions (D.I. 32; D.I. 44) are denied, for the reasons

that follow:

1. **Background**. Plaintiff Joan T. Kloth, proceeding pro se, filed a complaint

alleging claims for breach of an implied contract and religious discrimination against

defendants, Southern Christian University ("SCU") and its Board of Directors.[1]  (D.I. 2)

Plaintiff's original complaint was served upon defendants on July 28, 2006.  (D.I. 6; D.I.

7)  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), defendants' answer to the

original complaint was due on August 17, 2006.  See Fed. R. Civ. P. 12(a)(1)(A).  On

October 5, 2006, plaintiff filed a request for a default judgment on the ground that

---

[1]Southern Christian University has since been renamed "Regent University."  For
simplicity, the court will continue to refer to it as SCU.

defendants never answered plaintiff's original complaint. (D.I. 8)  On October 8, 2006, defendants submitted a notice of appearance. (D.I. 10)  Defendants filed a motion to dismiss for lack of personal jurisdiction on October 20, 2006. (D.I. 12)  Also on October 20, 2006, plaintiff filed her amended complaint, in which she clarified her request for relief. (D.I. 11)

2.  On July 16, 2007, this court issued a memorandum opinion and order dismissing plaintiff's action for lack of personal jurisdiction. See Kloth v. Southern Christian University, 494 F. Supp. 2d 273 (D. Del. 2007).  On August 2, 2007, plaintiff moved this court for an extension of time to file her motion for reconsideration, which was granted. (D.I. 31; D.I. 32)  Plaintiff filed a motion for reconsideration and a notice of appeal on the same day, August 7, 2007. (D.I. 32; D.I. 33)  Subsequently, plaintiff filed a second motion for reconsideration on September 27, 2007. (D.I. 44)  Defendants' filed their opposition briefs to plaintiff's motions for reconsideration on August 21, 2007 and October 12, 2007, respectively. (D.I. 40; D.I. 46)

3.  **Standard**.  Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)).  The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Therefore, a court may exercise its discretion to alter or amend its judgment if

2

the movant demonstrates one of the following: (1) a change in the controlling law; (2) a

need to correct a clear error of law or fact or to prevent manifest injustice; or (3)

availability of new evidence not available when the judgment was granted. See id.

4. A motion for reconsideration is not properly grounded on a request that a

court rethink a decision already made. See Glendon Energy Co. v. Borough of

Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or

reconsideration may not be used "as a means to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided."

Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument,

however, may be appropriate where "the Court has patently misunderstood a party, or

has made a decision outside the adversarial issues presented to the Court by the

parties, or has made an error not of reasoning but of apprehension." Id. at 1241

(citations omitted); see also D. Del. LR 7.1.5.

5. **Discussion**. Liberally construing plaintiff's allegations,[2] the court views the

first motion as asserting "new evidence previously unavailable." See Walker v. Carroll,

No. Civ. A. 02-325, 2003 WL 1700379, at *2 (D. Del. Mar. 24, 2003). Plaintiff, in the

underlying action, asserted that this court had personal jurisdiction over defendants

based on her participation in their online "distance-learning" program. (D.I. 2 at 1)

---

[2] Pro se litigants' submissions "are to be construed liberally and held to less
stringent standards than submissions of lawyers. If the court can reasonably read the
submissions, it should do so despite failure to cite proper legal authority, confusion of
legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule
requirements." Kloth, 494 F. Supp. 2d at 278 n.7 (citing Boag v. MacDougall, 454 U.S.
364 (1982)).

3

Plaintiff alleged that in personam jurisdiction existed because plaintiff, in part, completed her online course work in Delaware. (Id. at 14) The first motion for reconsideration asserts two new facts and requests this court to reexamine its dismissal for lack of personal jurisdiction. (D.I. 32) Specifically, plaintiff asserts for the first time that her online education was completed through interactive software, Blackboard, and that defendants knew she had moved to Delaware. (Id. at 2-3) Plaintiff's argument for reconsideration is based on these two facts and her pro se status. (Id.)

6. Evidence that is not newly discovered does not support a motion for reconsideration. See Harsco Corp., 779 F.2d at 909; Walker, 2003 WL 1700379, at *1 ("There is a strong policy against granting a motion for reconsideration when the motion is based on evidence that was readily available at the time that the original motion was heard."); see also Brambles USA, 735 F. Supp. at 1240 (stating that facts "inexcusably" not presented do not warrant a motion for reconsideration). Plaintiff's new facts do not constitute "new evidence that was not available" when the court issued its July 16, 2007 memorandum opinion. See Walker, 2003 WL 1700379, at *3. The newly presented facts existed at the time of the original order and the only explanation offered for their absence is plaintiff's pro se status. (D.I. 32 at 1) The court is mindful that pleadings of pro se litigants are to be construed broadly; however, that does not relieve pro se plaintiffs of their obligations to present issues for review.[3] See McBride v. Putnam, 156

---

[3] The court notes that plaintiff admits that "necessary information was not provided in totality" to establish personal jurisdiction. (D.I. 41 at 1) Moreover, plaintiff previously withheld information regarding her Delaware residency and understood that evidence needed to be submitted in connection with the motion to dismiss. (D.I. 22 at 1) (explaining that plaintiff received advice not to present any evidence until she "got to court" and stating that, after speaking with the clerk, she realized that she "needed to

4

Fed. Appx. 531, at *2 (3d Cir. 2005) (non-precedential).  For the reasons stated above, plaintiff's first motion for reconsideration is denied.

5. Plaintiff's second motion for reconsideration asks for a reexamination of the dismissal based on defendants' failure to respond within 20 days to the original complaint.  (D.I. 44 at 1)  This argument is not based on a change in controlling law and does not provide new evidence.  See Max's Seafood Café, 176 F.3d at 677.  Similarly, plaintiff has not shown the need to correct a clear error of law of fact to prevent manifest injustice.  See id.  In any event, the second motion was filed on September 27, 2007, well after the August 17, 2007 deadline.  (D.I. 31; D.I. 44)  Therefore, this motion is denied.

7. **Conclusion**.  Plaintiff has not alleged a change in controlling law, offered new evidence not available when the court made its decision, or shown the need to correct a clear error of law or fact or to prevent manifest injustice.  See Max's Seafood Café, 176 F.3d at 677.  Therefore, the court shall deny the motions for reconsideration.

United States District Judge

---

send . . . evidence").

5