UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3376 & 07-4598

_____

JOAN T. KLOTH,
      Appellant

v.

SOUTHERN CHRISTIAN UNIVERSITY;
BOARD OF DIRECTORS

_____

On Appeal from the United States District Court
for District of Delaware
(D.C. Civil No. 06-cv-00244)
District Judge: Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2008

Before: SLOVITER, BARRY and NYGAARD, <u>Circuit Judges</u>

_____

**JUDGMENT**
_____

This cause came to be considered on the record from the United States District Court for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a) on July 16, 2008. On consideration whereof, it is now hereby

  ORDERED and ADJUDGED by this Court that the judgment of the District Court entered July 16, 2007, be and the same is affirmed. Costs will not be taxed. All of the

above in accordance with the opinion of this Court.

                                                  ATTEST:

                                                  Marcia M. Waldron

DATED: August 5, 2008                       Clerk



**Certified as a true copy and issued in lieu of a formal mandate on**   08/27/2008

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3376 & 07-4598
_____

JOAN T. KLOTH,
      Appellant

v.

SOUTHERN CHRISTIAN UNIVERSITY;
BOARD OF DIRECTORS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 06-cv-00244)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2008

Before: SLOVITER, BARRY and NYGAARD, Circuit Judges

(filed: August 5, 2008 )
_____

OPINION
_____

PER CURIAM

  Pro se litigant Joan T. Kloth appeals from the dismissal of her complaint for lack of personal jurisdiction and the denial of her motion for reconsideration by the United States District Court for the District of Delaware.  We agree with the District Court that

Kloth did not allege facts sufficient to establish personal jurisdiction over Defendants. We will affirm.

I.

Sometime between April 2000 and September 2001, while domiciled in Connecticut, Kloth learned about Southern Christian University's ("SCU") distance learning program for obtaining a dual masters degree in Marriage and Family Therapy and Professional Counseling. SCU, a higher education university whose main campus is in Montgomery, Alabama, operates a "distance learning program" in which students complete all of the course work for the program online. The program also requires completion of a certain number of clinical hours to obtain their final degree.

Kloth contacted SCU's Graduate Advisor for the School of Human Services who advised her that she could complete her Masters degree in two years and one course if she attended full-time, taking three to four courses per semester. Kloth specifically inquired about SCU's pending Commission on Accreditation for Marriage and Family Therapy Education ("COAMFTE") and whether her non-Christian affiliation was an issue and was assured by email that the school was accredited and, by the time of her graduation, would be COAMFTE certified. She was also assured that her religious affiliation would not be an issue.

In January 2002, Kloth enrolled in the program and began taking courses from her home in Connecticut, communicating with SCU's administrators and professors by phone

and email. From January 2002 through February 2005, Kloth took 15 online classes. During the spring of 2003, Kloth began searching for a training site where she could fulfill the clinical hours she needed to complete her degree. SCU did not assist Kloth in this process, advising her that it was the student's sole responsibility to find a clinical site. Although she found many sites, none would accept her—apparently because of the distance learning aspect of her program and because of the school's unwillingness to communicate with the training sites.

In early 2003, Kloth informed her classmates and her professors about her Jewish faith. As a result, she began experiencing problems with two Christian students and with two professors who Kloth felt were disrespecting her.

In or about February 2005, Kloth moved to Delaware to continue searching for a clinical training site as part of her required course work. Despite her repeated attempts and large number of inquiries, Kloth was unsuccessful in finding a clinical placement. She took two more classes online through the SCU distance learning program, but ultimately discontinued her studies at SCU, in or about August 2005.

Kloth brought suit against SCU and its Board of Directors (collectively "Defendants") in the District of Delaware. She alleges that Defendants breached an implied contract to provide her with a complete education. She also alleges discrimination on the basis of religion, presumably in violation of Title VII of the Federal Civil Rights Act of 1964.

The District Court granted Defendants' motion to dismiss for lack of personal jurisdiction. This appeal followed.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, engaging in plenary review of the District Court's personal jurisdiction determination. See Yarris v. County of Del., 465 F.3d 129, 134 (3d Cir. 2006); IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258 (3d Cir. 1998). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

## III.

For a court to exercise personal jurisdiction over a defendant, that defendant must have sufficient "minimum contacts" with the forum state, such that subjecting the defendant to the court's jurisdiction "comports with traditional notions of fair play and substantial justice." See Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must establish at least a prima facie case for personal jurisdiction, with all of plaintiff's allegations taken as true and all factual disputes resolved in her favor. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

A two-prong analysis is applied to determine whether a plaintiff has carried her burden. First, the court considers whether service was authorized by statute, in this case

under Delaware's long-arm statute, 10 Del. C. § 3104.[1] IMO Indus., 155 F.3d at 258-59. If the state statutory requirements are met, the court determines whether exercise of jurisdiction over the nonresident defendant satisfies due process by considering whether sufficient minimum contacts have occurred between the forum state and the defendant. Id. at 259.

Delaware's long-arm statute permits the exercise of personal jurisdiction over a nonresident who, either in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> * * *
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; . . . .

10 Del. C. § 3104(c). Delaware courts interpret §§ 3104(c)(1), (c)(2), as specific jurisdiction sections, requiring that some action by the defendant occur within Delaware. See LaNuova, 513 A.2d at 768; Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc., 685 A.2d 724, 729 (Del. 1996). Section 3104(c)(4) is interpreted as a general jurisdiction provision, meaning the defendant's contacts with the forum state may be unrelated to the alleged injury. See LaNuova, 513 A.2d at 768.

---

[1] The Federal Rules of Civil Procedure provide that "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The Delaware long-arm statute, 10 Del. C. § 3104(c), confers jurisdiction to the maximum extent possible under the due process clause. See LaNuova D&B S.p.A. v. Bowe Co., 513 A.2d 764, 768 (Del. 1986).

Kloth claims that Defendants satisfy sections (1), (2) and (4).[2] Kloth does not dispute that Defendants' contacts with Delaware consist of Defendants' Web site which is accessible nationwide, Kloth's temporary residence in Delaware during a portion of her studies, and one other SCU student's residence. The issue is whether these contacts are sufficient to satisfy Delaware's long-arm statute.

### A. Specific Jurisdiction

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.8 (1984)). Here, the District Court properly considered whether SCU's Web site was specifically designed to interact with residents of Delaware and concluded that Appellants had not "purposefully availed" themselves of doing business with Delaware citizens. (App. at A-19-20 (citing Toys "R" Us, 318 F.3d at 452).)

Kloth argues that the District Court erred in its interpretation of Zippo Manufacturing. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1125-28 (W.D. Pa. 1997), one of the seminal authorities regarding personal jurisdiction based upon the operation of

---

[2]Specifically, she claims that Defendants transact business and perform services when they deliver their educational product to students residing in Delaware. Defendants accept student papers and tests, grade them and return them to students via the Internet. She claims Defendants satisfy (2) because they breached the implied contract that they had entered with her for the provision of educational services and degree award. Finally, Kloth argues that (4) is satisfied because Defendants delivered educational services to her in Delaware, and were aware of her residence there.

an Internet Web site. See Toys "R" Us, 318 F.3d at 452. The court in Zippo stressed that whether jurisdiction is proper "depends on where on a sliding scale of commercial interactivity the web site falls." Id. Where a defendant is "clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the web site, the Zippo court held that personal jurisdiction exists." Id. (citing Zippo, 952 F. Supp. at 1124). To make this determination, the Zippo court focused on whether the interactivity of a commercial Web site reflects "purposeful availment" or intended interaction with residents of the forum state. See id. (citation omitted). Purposeful availment is demonstrated when a defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." Toys "R" Us, 318 F.3d at 453 (citation omitted).

Kloth claims that SCU's Web site satisfies the test in Zippo because it is "interactive." Specifically, she argues that SCU's use of a proprietary software dubbed "Blackboard" facilitated the correspondence between Kloth, her professors and her classmates. However, to demonstrate a prima facie case for the exercise of personal jurisdiction, Kloth must show more than mere interactivity; she must also show that, by using software that facilitates distance learning, SCU intended to engage in business with student citizens of Delaware—the forum state.

Kloth's reliance on Zippo is unavailing. The defendant in Zippo sold passwords to

approximately 3,000 subscribers in Pennsylvania and entered into seven contracts with Internet access providers to furnish its services to customers in Pennsylvania. By contrast, here there is no evidence that SCU targeted its Web site to potential students in Delaware, nor that the school engaged in business with any one in Delaware other than Kloth and one other student. The existence of Blackboard demonstrates only that SCU intends to allow its students to attend classes and communicate with their classmates and professors when they are not at SCU's physical campus.

As the District Court observed, although SCU certainly could have foreseen that students from Delaware, or any other state, might choose to participate in their distance learning program because the Web site is accessible to a nationwide (indeed, global) audience, this foreseeability alone cannot satisfy the purposeful availment requirement. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980) (noting that "foreseeability" alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause). Thus, Kloth has failed to demonstrate a prima facie case for the exercise of personal jurisdiction based on Delaware's long-arm statute, § 3104(c)(1).

Subsection (c)(2) allows a court to exercise specific jurisdiction over defendants if they contracted to provide services or things in Delaware. However, as previously noted, there is no evidence that SCU intended to provide educational services specific to Delaware citizens. See Mendelson v. Del. River & Bay Auth., 56 F. Supp. 2d 436, 438-49

(D. Del. 1999) (finding specific jurisdiction where company contracted to provide a custom-made set of fire doors designed specifically for a Delaware ferry). In Mendelson, the court found that the defendant "did not simply contract to supply a generic or fungible set of mass-produced doors which could fit into any frame in any wall in any ship or building in the nation," but instead knew "that the doors were going to be installed in a vessel that was going to not only be moored or anchored in the State but also transport cars and passengers within Delaware territorial waters." Id. Here, even assuming SCU knew Kloth had temporarily moved to Delaware during her studies, Kloth has not proffered evidence that SCU purposely targeted the contents of their Web site or other distance learning materials toward Delaware citizens. Indeed, she does not dispute that she initiated her enrollment in SCU while domiciled in Connecticut, and only moved to Delaware on a temporary basis several years later.[3] Indeed, SCU's records show Kloth's address to be Connecticut during her entire enrollment. Apparently, Kloth never changed her records to reflect her move to Delaware.

Because Kloth has not met her prima facie burden, the District Court properly dismissed her claim for lack of personal jurisdiction pursuant to a specific jurisdiction theory.

**B.     General Jurisdiction**

For substantially the reasons stated by the District Court, we agree that Defendants'

---

[3] Kloth did not contest any of the facts put forth by SCU in support of its motion to dismiss before the District Court, nor does she do so in her brief before this Court.

maintenance of a Web site that posts information about the school and is accessible to potential students in foreign jurisdictions is insufficient to subject a non-resident defendant to general jurisdiction. See, e.g., Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 541-42 (3d Cir. 1985) (holding that St. George's School of Medicine, a West Indies institution, did not have a sufficient nexus to Pennsylvania to subject the school to general jurisdiction, despite the fact that St. George's advertised in national newspapers that circulated in Pennsylvania; counted Pennsylvania residents among its student body; sent school representatives to Philadelphia as part of a "media swing" intended to raise St. George's profile; and entered into an agreement with a Pennsylvania college to establish a joint international program combining pre-medical studies in Pennsylvania with medical training in Grenada); see also Gallant v. Trs. of Columbia Univ. in City of N.Y., 111 F. Supp. 2d 638 (E.D. Pa. 2000); Park v. Oxford Univ., 35 F. Supp. 2d 1165 (N.D. Cal. 1997), aff'd, Park v. Oxford Univ., 165 F.3d 917 (9th Cir. 1998); Hardnett v. Duquesne Univ., 897 F. Supp. 920 (D. Md. 1995); Ross v. Creighton Univ., 740 F. Supp. 1319 (N.D. Ill. 1990), rev'd in part on other grounds, 957 F.2d 410 (7th Cir. 1992).[4]

Because our affirmance is based on a lack of jurisdiction, rather than on the merits, it is without prejudice to the Appellant's right to move in the District Court for a transfer pursuant to 28 U.S.C. § 1406. See Goldlawr, Inc., Heiman, 369 U.S.C. 463 (1962);

---

[4] Because Defendants do not have sufficient contacts with Delaware to meet the requirements of Delaware's long-arm statute, § 3104(c), we need not proceed to the second part of the analysis, examining whether the assertion of jurisdiction comports with the due process guarantees of the Fourteenth Amendment.

Schwilm v. Holbrook, 661 F.2d 12 (3d Cir. 1981).  Indeed, the District Court's conclusion that there is no personal jurisdiction does not preclude its authority to transfer the case for venue reasons.  28 U.S.C. § 1406(a); see also Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007).

C.     **Motion for Reconsideration**

Finally, we conclude that the District Court did not abuse its discretion by denying Kloth's motion for reconsideration.  United States v. Herrold, 962 F.2d 1131, 1136 (3d Cir. 1992).  The Court's October 17, 2007 Memorandum Order thoroughly considered Kloth's arguments in support of her motion and properly concluded that she had failed to demonstrate that the new facts alleged constituted "new evidence that was not available" when the court issued its July 16, 2007 memorandum opinion, that a change in controlling law occurred, or that any other clear error of law or fact occurred.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence.").

For the foregoing reasons, we will affirm the District Court's judgment.  Kloth's motion to file a supplemental brief is granted.  Appellees' motion to strike Kloth's supplemental filing is denied.  Kloth's motion to change venue is denied.  Kloth's motions entitled "Motion to Include the Federal Education, House and Senate Bill Definitions for Distance Learning related to the Higher Education Act" and "Motion to Include the

11

Distance Education Demonstration Project of 1998," construed as motions to supplement or amend her brief, are denied.