IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN T. KLOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action 06-CV-244 (SLR) |
| | ) |
| SOUTHERN CHRISTIAN UNIVERSITY, | ) |
| BOARD OF DIRECTORS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RESPONSIVE BRIEF OF SOUTHERN CHRISTIAN UNIVERSITY
IN OPPOSITION TO
<u>MOTION PURSUANT TO 28 U.S.C. § 1406(a) OF PLAINTIFF KLOTH</u>**

STRADLEY RONON STEVENS & YOUNG, LLP
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware  19801
Telephone:  (302) 576-5850

September 9, 2008

Attorneys for Defendants,
Southern Christian University and
Board of Directors, *et al.*

B # 832697 v.3

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDING ................................................................ 1

SUMMARY OF ARGUMENTS BY SOUTHERN CHRISTIAN ......................................... 1

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS .....................................................................................................2

    A.    The District Court's Memorandum Opinion and Order .....................................2

    B.    Kloth's Current Motion under 28 U.S.C. § 1406(a) ..........................................3

ARGUMENT..........................................................................................................................4

    1. Plaintiff's Complaint Was Previously Dismissed by this Court
       and, as a Consequence, Plaintiff's After the Fact Transfer
       Request Should be Denied ..........................................................4

    2. Should This Court Decide That It May Transfer Plaintiff's Already-Dismissed
       Complaint Pursuant to Section 1406(a), Then the Interests of Justice Compel the
       Court to Transfer the Matter to a Federal District Court in Alabama .....................5

CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Goldawr, Inc. v. Heiman*
  369 U.S. 463 (1962) ............................................................................................. 4

*Lafferty v. Riel*
  495 F.3d 72 (3d Cir. 2007) ................................................................................... 4

*Pulte Home Corp. v. Delaware Land Assocs., LP*
  2008 WL 2168788 (E.D. Pa. May 22, 2008) ....................................................... 6

*Vikoma Int'l, Ltd. v. Oil Stop, Inc.*
  1993 WL 14647 (D. Del. 1993) (SLR) ................................................................ 4

**Statutes**

10 Del. C. § 3104(c) ...................................................................................................... 2

28 U.S.C. § 1406(a) ............................................................................................. Passim

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Joan Kloth ("Kloth" of "Plaintiff"), now allegedly a citizen of and residing in the State of Connecticut, filed a complaint with this Court on April 24, 2006 (D.I. 2), against Southern Christian University (now known as Amridge University) and its Board of Directors (collectively referred to herein as "Southern Christian" or "Defendants"). On October 5, 2006, Kloth filed an apparent Motion for Summary Judgment (D.I. 8).

Thereafter, on October 20, 2006, Kloth filed an Amended Complaint, captioned as a motion to amend (D.I. 11). On that same date, October 20, 2006, Southern Christian filed its Motion and supporting Brief to Dismiss the complaint for lack of personal jurisdiction (D.I. 12, 13). Southern Christian also filed on October 20, 2006, its response to the Kloth Motion for Summary Judgment (D.I. 14), and on October 25, 2006, Southern Christian filed its Response to the Kloth Amended Complaint (D.I. 17).

On November 1, 2006, Kloth filed her Answering Brief in opposition to the Southern Christian Motion to Dismiss (D.I. 19), and filed her Reply Brief (D.I. 20) relating to her previously filed Motion for Summary Judgment. Thereafter, on November 7, 2006, Southern Christian filed its Reply Brief (D.I. 21) in further support of its prior Motion to Dismiss for lack of personal jurisdiction.

On November 15, 2006, Kloth filed a letter to the Court advising why she had withheld evidence regarding her alleged residency in Delaware (D.I. 22), and filed a purported response to Southern Christian's Reply Brief (D.I. 23).

Less than three weeks later, on December 4, 2006, Kloth advised the Court that she was temporarily moving and, thus, temporarily changing her address to the same Connecticut address that has always been of record with Southern Christian (D.I. 24).

On July 16, 2007, after full consideration of the facts and law, the Court entered its Memorandum Opinion and Order dismissing Kloth's Complaint against Southern Christian for lack of personal jurisdiction over Southern Christian (D.I. 28 and 29).

On August 7, 2007, Kloth simultaneously filed her Motion for Reconsideration (D.I. 32) along with a Notice of Appeal to the Third Circuit Court of Appeals ("Third Circuit") (D.I. 33). On August 8, 2007, the Clerk entered the Notice of Docketing of Record of Appeal to the Third Circuit (D.I. 34).

On August 21, 2007, Southern Christian filed its response to Kloth's Motion for Reconsideration (D.I. 40), and on August 30, 2007, Kloth filed her reply to Southern Christian's response (D.I. 41).

On September 27, 2007, Kloth filed a second Motion for Reconsideration of Summary Judgment/Default (D.I. 44), and on October 12, 2007, Southern Christian filed its Response Brief in Opposition to Kloth's late-filed Second Motion for Reconsideration (D.I. 46). Thereafter, and again after full consideration, the Court denied Kloth's motions for reconsideration (D.I. 48).

On or about October 26, 2007, Kloth filed her second Notice of Appeal to the Third Circuit. (D.I. 50, 51, 52).

Finally, on August 5, 2008, after full consideration of the record and this Court's Opinion, the Third Circuit affirmed this Court's dismissal of Plaintiff's complaint for lack of personal jurisdiction over Southern Christian and affirmed the denial of Plaintiff's motions for reconsideration. (Opinion dated August 5, 2008).

Thereafter, on August 27, 2008, the Third Circuit subsequently issued a Mandate. (D.I. 55).

Now, on August 25, 2008 (D.I. 54), Kloth has filed a motion to transfer under 28 U.S.C. § 1406(a), which was later amended by Ms. Kloth on September 4, 2008. (D.I. 56).

This is Southern Christian's Responsive Brief in Opposition to Plaintiff's Motion to transfer venue under 28 U.S.C. § 1406(a).

## **SUMMARY OF ARGUMENTS BY SOUTHERN CHRISTIAN**

1. Well after this case has been dismissed, and well after she could have sought to change the venue of this matter, Plaintiff Kloth has now moved for transfer of venue under 28 U.S.C. § 1406(a). In short, Section 1406(a) permits a district court *to transfer or dismiss* a case when the case has been filed in the wrong venue. Importantly in that regard, this Court granted Defendants' Motion for Dismissal of Plaintiff's Complaint based on lack of personal jurisdiction over the Defendants. (D.I. 28 and 29). Accordingly, Plaintiff's Complaint has been dismissed already, and affirmed, and the Plaintiff's case is no longer before the District Court. It logically follows that Plaintiff's latest, late, motion under Section § 1406(a) is untenable and must be denied.

2. If, in the alternative, the Court determines that Plaintiff's previously-dismissed complaint may be transferred to another venue, then the only venue appropriate for such a transfer would be to a federal district court in the State of Alabama. Specifically, an evaluation of the "interests of justice" includes, without limitation, a review of the location of the necessary parties, the location of the defendants, where personal jurisdiction can be obtained over the defendants, the location of important witnesses, documents and the situs for discovery, among other important factors. Based upon a review of the facts of this case, the "interests of justice" mandate that a venue transfer, if any is to occur, should only be made to a district court in Alabama.

# INTRODUCTION

Plaintiff Joan T. Kloth ("Kloth"), allegedly a citizen and resident of the State of Connecticut, sued defendants Southern Christian University[1] and its Board of Directors, or more properly its Board of Regents, (collectively referred to herein as "Southern Christian" or "Defendants") in the U.S. District Court for the District of Delaware, alleging breach of an implied contract (to provide a "complete education") and alleging certain religious discrimination. Plaintiff did not provide in her complaint any reasoned basis for this Court to exercise personal jurisdiction over the several Defendants other than Plaintiff's allegations that she was located in Newark, Delaware on a part-time and temporary basis. As Southern Christian does not now, nor has it ever had anything more than extremely tenuous contacts with the State of Delaware, Southern Christian properly moved this Court to dismiss this action based upon lack of personal jurisdiction over Southern Christian.

The Court thoroughly reviewed all evidence and information submitted by both Plaintiff and Defendants, and properly dismissed Plaintiff's complaint for lack of personal jurisdiction over Defendants. (D.I. 28 and 29). That decision was appealed by Kloth to the Third Circuit, which fully affirmed the analysis and opinion of this Court.

Now, more than two years after she improperly brought this action in the District of Delaware, after almost two years from when an argument on venue should have been raised, and after this case has already been dismissed (with such dismissal being affirmed on appeal), Plaintiff moves this Court, under Section 1406(a), to transfer venue of her case to a new location which may be "convenient" for her. The law is however clear: under Section 1406(a), a court

---

[1] Southern Christian University has been renamed as Amridge University. For purposes of this brief, Defendants will collectively be referred to herein as "Southern Christian." Southern Christian and the Board of Directors are citizens of the States of Alabama, Georgia or Tennessee.

shall *dismiss <u>or</u> transfer* a case. These are mutually-exclusive alternatives; either case is to be dismissed or transferred. This case has already been dismissed by the Court (and such dismissal being affirmed by the Third Circuit). As such, Kloth's motion is seeking relief (transfer of venue) that can not be accorded because the alternative relief under Section 1406(a) (dismissal) has already been entered and affirmed. Accordingly, Plaintiff's motion must be denied.

## STATEMENT OF FACTS

### A. The District Court's Memorandum Opinion and Order

In this Court's July 16, 2007 Memorandum Opinion ("Memo Opinion"), the Court thoroughly acknowledged and cited the relevant allegations and facts as presented by both Kloth and Southern Christian, including those allegations relating to Kloth's alleged residence in Delaware. (*See* Memo Opinion, at 2 through 6).

Based upon such information, including the allegations of Kloth, the Court first reviewed the relevant case law regarding personal jurisdiction under Delaware's Long Arm Statute, 10 Del. C. § 3104(c), and under the standards set for exercising specific or general jurisdiction over a defendant. The Court fully analyzed and considered whether specific jurisdiction or general jurisdiction existed as against Defendants. (*See* Memo Opinion, at 9 through 14). With respect to specific jurisdiction, the Court analyzed the evidence and held that "no evidence before the court suggests that defendants purposefully availed themselves of doing business with Delaware citizens or targeted the contents of their website toward Delaware." (*See* Memo Opinion, at 11).

In considering general jurisdiction, the Court determined, based upon the information submitted by Kloth, that her "temporary residence in Delaware coupled with the Delaware residence of one additional SCU student is far from the continual or substantial

2

contacts required for general jurisdiction." (*See* Memo Opinion, at 11). Moreover, upon review of the Southern Christian website, the Court held that "it would be unreasonable to establish a precedent that every University website that includes online application submissions establishes general jurisdiction in any forum state, even forum states in which the University has established few, or no, other contacts." (*See* Memo Opinion, at 13).

After thorough analysis of the facts and relevant case law, the Court granted Southern Christian's motion to dismiss Kloth's Complaint for lack of personal jurisdiction over Southern Christian. At no point during the briefing, or the later several motions for reconsideration filed by Kloth, did Kloth ever suggest or imply that the Court should change the venue of this matter. Indeed, Ms. Kloth adamantly argued that this case should be in Delaware and no where else.

B. **Kloth's Current Motion Under 28 U.S.C. § 1406(a)**

In her current motion, Ms. Kloth has now moved for a change of venue pursuant to 28 U.S.C § 1406(a). Kloth's motion offers approximately 21 paragraphs of wide-ranging argument primarily concentrating on alleged issues of jurisdiction, a matter previously decided by the Court, and obviously no longer before the Court. Kloth provides little to no support for her request to change venue after the fact. Indeed, as discussed below, the relief that Ms. Kloth seeks by way of her current motion is untenable, untimely and, for the reasons that follow, must be denied.

**ARGUMENT**

1.  **Plaintiff's Complaint Was Previously Dismissed by this Court and, as a Consequence, Plaintiff's After the Fact Transfer Request Should be Denied**

    The language of Section 1406(a), the basis of Ms. Kloth's motion, is clear that the transfer of her dismissed case is not an available result because the case has already been dismissed. Specifically, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or* if it be in the interest of justice, *transfer such case* to any district or division in which it could have been brought." (Emphasis added). The language of Section 1406(a) is plain on its face – a case may be **dismissed or transferred** (if the case has not been dismissed already). *See, e.g., Lafferty v. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) (citing to *Goldawr, Inc. v. Heiman*, 369 U.S. 463, 465-66, 82 S. Ct. 913 (1962)) (emphasizing that federal district courts may transfer, rather than dismiss, cases; when cases have been dismissed, a plaintiff in such a case must file anew in a proper forum)); *see also, Vikoma Int'l, Ltd. v. Oil Stop, Inc.*, 1993 WL 14647, *5 (D. Del. 1993) (SLR) (providing that as an alternative to dismissing this case, a party may request a transfer of the case). These alternatives, dismissal or transfer to another venue, are mutually exclusive. Once a case has been dismissed by the court, there is no further "transfer" relief for the district court to grant. The opportunity for Kloth to seek a transfer was when the dismissal motion and issue was under consideration two years ago. Seeking to transfer a case after it has been dismissed, and where that dismissal has been affirmed by the appellate court, is not recognized relief provided for under Section 1406(a).

    Such is the case here: Ms. Kloth's Complaint was dismissed by this Court in July 2007. *See* Memo Opinion. That decision was fully affirmed by the Third Circuit. It logically

B # 832697 v.3

follows that such dismissal cuts off any later consideration for a transfer of the case, as Ms. Kloth now erroneously, and after the fact, has requested.

As noted, Ms. Kloth had ample opportunity to timely raise the issue of changing venue at the time that this Court was considering the Defendants' motion to dismiss for want of personal jurisdiction. For reasons known only to Ms. Kloth, she decided to not raise that issue, but to instead argue that this case should only be in Delaware. Plaintiff's change of her mind, and her motion at this stage shows a complete disregard for the Court's docket, time and resources. To date, Ms. Kloth has forced this Court and the Third Circuit to address her improperly-filed Complaint, and now after having lost on jurisdictional bases in both courts, wants this Court to transfer her case to another court, possibly to allow her to reargue issues already decided. Kloth could have, and most definitely should have made such arguments long ago. At this time, her case has been dismissed, and she must acknowledge that fact. This Court should not be forced to reconsider Ms. Kloth's late presented arguments. The law does not support such relief after her case has been properly dismissed.

2. **Should This Court Decide That It May Transfer Plaintiff's Already-Dismissed Complaint Pursuant to Section 1406(a), Then the Interests of Justice Compel the <u>Court to Transfer the Matter to a Federal District Court in Alabama</u>**

As argued by Southern Christian, Ms. Kloth's case has been dismissed, and no further action can or should be taken to transfer this case under Section 1406(a). However, to the extent this Court concludes that transfer of venue may be considered, then Southern Christian contends that the facts of this case and the "interests of justice" compel a finding that any transfer of Kloth's dismissed complaint should only be to a federal district court in Alabama. More specifically, Section 1406(a) provides that a district court "shall dismiss, or if it be *in the interest of justice*, transfer a case" to any district in which the case could have been brought.

5

The phrase "interests of justice" is viewed broadly by the courts and includes, without limitation, such considerations as the convenience of parties, convenience of witnesses, whether venue is proper in the district proposed for transfer, and whether personal jurisdiction can be had over all of the parties in the proposed district. *See, e.g., Pulte Home Corp. v. Delaware Land Assocs., LP*, 2008 WL 2168788 (E.D. Pa. May 22, 2008).

To the extent that a venue transfer may be considered by the Court, which Southern Christian strongly contends is not supported by the facts or law of this case given the dismissal of the case, the "interests of justice" only support a transfer of this matter to an Alabama district court. More particularly, the following considerations support a finding that venue should only be had in a district court in Alabama:

- All defendants named by Kloth in her complaint are in or located in proximity to the State of Alabama;

- All critical witnesses, save the one plaintiff, reside in or near Alabama;

- The vast majority of necessary books, records and documents are located in Alabama;

- The formation of the "contract" at issue, if there is such a contract, occurred in Alabama;

- Any alleged breach of contract occurred, if there was any such breach, in Alabama; and

- The primary offices of Southern Christian and its relevant staff are in Alabama.

The only factor relating to Connecticut is that Kloth now contends, two years after the fact, that she resides there. The fact that Ms. Kloth argued for two years that she resided in Delaware is a point that can not be ignored. No other evidence or factors support this case being in Connecticut. Accordingly, if any transfer is to be considered by this Court, which again

Southern Christian strongly contends should not be considered after the dismissal of this case, the "interests of justice" only support a transfer of venue to a district court in Alabama.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, defendant Southern Christian respectfully requests that the Court deny Kloth's Motion under 28 U.S.C. § 1406(a) and maintain the current closure of this matter in Delaware.

STRADLEY RONON STEVENS & YOUNG, LLP

September 9, 2008

*/s/ Michael P. Migliore*
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
(302) 576-5850

Attorneys for Defendants,
Southern Christian University
and its Board of Directors

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN T. KLOTH,<br><br>    Plaintiff,<br><br> v.<br><br>SOUTHERN CHRISTIAN UNIVERSITY,<br>BOARD OF DIRECTORS, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action 06-CV-244 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

  AND NOW, this ____ day of _____ 2008, this Court having considered the Motion for Change of Venue of Plaintiff Kloth (the "Motion"), the responsive brief of defendants Southern Christian University and its Board of Directors in opposition to the Motion, and any argument of counsel;

  **IT IS HEREBY ORDERED**, that the Motion is **DENIED**. This matter is hereby dismissed with prejudice.

                  _____
                  The Honorable Sue L. Robinson
                  United States District Court

# 833027 v. 1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Responsive Brief of Southern Christian University in Opposition to the Motion under 28* U.S.C. § 1406(a) of *Plaintiff Kloth* was caused to be served on September 9, 2008 upon the below noted party at the addressed noted below by first-class mail, postage pre-paid:

Joan T. Kloth
320 North Georges Hill Road
Southbury, CT  06488-2626


_____
Michael P. Migliore (DE Bar #4331)

B # 832697 v.3