IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOAN T. KLOTH, )
)
    Plaintiff, )
)
v. ) Civ. No. 06-244-SLR
)
SOUTHERN CHRISTIAN UNIVERSITY, )
BOARD OF DIRECTORS, et al., )
)
    Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 26th day of March, 2009, having reviewed defendants' motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 60) is granted, for the reasons that follow:

1. **Standard of review.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

2. **Analysis.** Defendants contend that it was legal error for the court to transfer the above-captioned case **after** the case had been dismissed. Section 1406(a) of title

28 of the United States Code provides in relevant part that "[t]he district court of a district in which is filed a case laying venue in the wrong district or division **shall dismiss, or** it if be in the interest of justice, **transfer** such case to any district or division in which it could have been brought." (Emphasis added)

3. In the case at bar, by memorandum opinion and order issued July 16, 2007, I granted defendants' motion to dismiss for lack of personal jurisdiction. (D.I. 29) Plaintiff filed several motions for reconsideration, which were denied. (D.I. 48) Plaintiff appealed both the order dismissing her claims and the order denying her motions for reconsideration. (D.I. 33, 52) The United States Court of Appeals for the Third Circuit issued an opinion and judgment on August 5, 2008; the judgment declared that "the judgment of the District Court entered July 16, 2007, be and the same is affirmed." (D.I. 55) On that same day, August 5, 2008, plaintiff filed a motion to change venue, presumably based on the following dicta in the Third Circuit's opinion: "Because our affirmance is based on a lack of jurisdiction, rather than on the merits, it is without prejudice to [plaintiff's] right to move in the District Court for a transfer pursuant to 28 U.S.C. § 1406. . . . Indeed, the District Court's conclusion that there is no personal jurisdiction does not preclude its authority to transfer the case for venue reasons. 28 U.S.C. § 1406(a)." (D.I. 55 at 10-11) Consistent with the above reasoning, I issued an order transferring the case to the United States District Court for the District of Connecticut, based on plaintiff's assertion that she is a permanent resident of the State of Connecticut. (D.I. 59) Defendants timely filed their motion for reconsideration of this

last order.[1]

4. The Third Circuit certainly is correct in its recognition that a district court may transfer venue pursuant to § 1406(a) if it lacks personal jurisdiction over a party. Upon further reflection, however, the above principle has no application to the facts of record. More specifically, there is no dispute that, at the outset of the case, I had the authority to transfer this case to a court having personal jurisdiction over the defendants (instead of dismissing the case). Because plaintiff did not request such a change of venue until after I had granted defendants' motion to dismiss and the Third Circuit had affirmed that decision, there was no case for me to transfer. Despite the Third Circuit's "reservation of rights" in its opinion, its "judgment" simply affirmed my order dismissing the case.[2] In other words, the Third Circuit did not issue a mandate which remanded the case for further proceedings.[3] Indeed, this case has been closed since my July 16, 2007

---

[1] I decline to reconsider the most appropriate venue, as the contentions made in this regard are little more than reargument.

[2] The "judgment" entered on August 5, 2008 by the Third Circuit in this case reads in its entirety:

> This cause came to be considered on the record from the United States District Court for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a) on July 16, 2008. On consideration whereof, it is now hereby
>
> ORDERED and ADJUDGED by this Court that the judgment of the District Court entered July 16, 2007, be and the same if affirmed. Costs will not be taxed. All of the above in accordance with the opinion of this Court.

[3] In contrast, *see, e.g., Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal."); *Rolo v. City Investing*

opinion. Once a case is dismissed, there is no case or controversy before the court and any authority I might have had to transfer was extinguished.[4]

IT IS FURTHER ORDERED that, aside from a notice of appeal, no further papers shall be docketed by the clerk of court, as this case is closed.

                                                /s/ Sue L. Robinson
                                                United States District Judge

---

*Company Liquidating Trust,* 155 F.3d 644, 654 (3d Cir. 1998) ("Our mandate was designed to offer the district court broad flexibility to reconsider its earlier ruling. . . .").

    [4]*See generally Wayman v. Southard,* 23 U.S. 1, 11 (1825) (court's jurisdiction continues through termination of the case, which includes execution of judgment); *Sierra Club v. Lynn,* 502 F.2d 43, 66-67 (5th Cir. 1974) (once the "litigable aspects of the dispute are at an end" and there is no real possibility of the injury recurring, "there no longer remains any unadjudicated claim upon which relief can be granted" and, thus, no more actual case or controversy upon which to base jurisdiction).