IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN T. KLOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-244-SLR |
| ) | |
| SOUTHERN CHRISTIAN UNIVERSITY, ) | |
| BOARD OF DIRECTORS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of April, 2009, having reviewed plaintiff's motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 71) is denied, for the reasons that follow:

1. **Standard of review.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See Id..*

2. **Analysis.** Plaintiff moves for reconsideration of the court's March 26, 2009 memorandum order that granted defendants' motion for reconsideration. (D.I. 69) Plaintiff asserts that, as a pro se litigant, the court should provide "wide latitude when construing" her pleadings and allow her to file motion for change of venue before the case went to the Court of Appeals for the Third Circuit. (D.I. 71) She submits that because defendants were permitted to file pleadings outside of applicable deadlines, the court should grant plaintiff the same opportunity.

3. Considering plaintiff's assertions in light of the above authority, the court finds insufficient grounds upon which to grant reconsideration of the March 26, 2009 decision. Essentially, plaintiff has failed to demonstrate: (1) the availability of new evidence not available at the time the memorandum order issued; (2) a change in the controlling law; and (3) a need to correct a clear error of law or fact or to prevent manifest injustice.

IT IS FURTHER ORDERED that, aside from a notice of appeal, no further papers shall be docketed by the clerk of court, as this case is closed.

_____
United States District Judge